SOUTHERN PINE LUMBER COMPANY V. C. ANDRADE III.

No. 7134. Decided February 8, 1939.
(124 S. W., 2d Series, 334.)

*King, Wood & Morrow* and *H. E. Cox,* all of Houston, for plaintiff in error.

The jury having found that the defendant was guilty of negligence in one particular, and that the plaintiff was also guilty of negligence in two particulars which was also the proximate cause of the accident and his resulting injuries, such finding barred any recovery upon his part and it was unnecessary for the jury to answer the issue on the amount of damages. Osterloh v. San Antonio Public Service Co., 77 S. W. (2d) 290; Harrison v. Missouri, K. & T. Ry. Co., 89 S. W. (2d) 455.

On the matter of the jury being influenced and prejudiced in their answers. Hawkins v. Minchew, 285 S. W. 264; Locke v. Bralley, 50 S. W. (2d) 410; Crawford v. Ramsey, 73 S. W. (2d) 1064.

*Adams & McAlister,* of Nacogdoches, for defendant in error.

MR. PRESIDING JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

Defendant in error, C. Andrade III, sued plaintiff in error, Southern Pine Lumber Company, for damages on account of personal injuries suffered by defendant in error in a collision of his automobile and a truck owned by plaintiff in error and driven by its employee. The jury in answer to special issues found: that the driver of plaintiff in error's truck negligently operated it on the left-hand side of the road; that such negligence was a proximate cause of defendant in error's injuries; that defendant in error was driving his automobile at a rate of speed in excess of 45 miles per hour; that the operation of

defendant in error's automobile at such speed was a proximate cause of the collision; that defendant in error was operating his automobile at a greater rate of speed than a reasonably prudent person would have operated it under the same or similar circumstances; and that the operation of said automobile at such speed was a proximate cause of the collision. The jury answered "Nothing" to the issue: "What sum of money, if paid now in cash, will fairly and reasonably compensate plaintiff for the injuries sustained by him, if any, as a result of the collision?" The trial court's judgment on the verdict was that defendant in error take nothing by his suit.

The Court of Civil Appeals, although it found that the verdict of the jury convicting defendant in error of contributory negligence was supported by the evidence but not established as a matter of law, reversed the trial court's judgment and remanded the cause, holding that, because the jury's answer that defendant in error suffered no damages was contrary to the undisputed evidence, the answer must have been introduced by some improper influence, and further that it was reasonable to conclude that the same improper influence entered into the findings with respect to contributory negligence. 94 S. W. (2d) 583.

It is our opinion, after careful examination of the transcript, the statement of facts and the briefs, that the conclusion of the Court of Civil Appeals cannot be sustained. While there was conflict in the evidence as to the rate of speed at which defendant in error was driving his automobile immediately prior to the collision, the jury's findings, that he was driving at a rate of speed in excess of 45 miles per hour and at a greater rate of speed than reasonably prudent person would have driven under the same or similar circumstances and that such negligent driving on the part of defendant in error was a proximate cause of the injuries, are well supported by substantial evidence. These findings of the jury, so supported, required the rendition of judgment in favor of plaintiff in error, the defendant in the trial court, regardless of the extent of the injury suffered by defendant in error; and in view of these findings, it would have been the duty of the trial court to render the judgment that it did render, even if the jury had answered that defendant in error was damaged in a substantial amount or even if the jury had failed to answer the issue as to damages. That issue became immaterial when the jury found that defendant in error was guilty of contributory negligence that proximately caused the collision.

■ There is nothing in the record suggesting that the jury was induced by prejudice or by some improper influence to answer as it did the issue as to damages, unless it is the bare fact that the answer is contrary to the undisputed evidence, which shows that defendant in error suffered severe physical injuries. The action of a jury in answering an issue directly contrary to the undisputed evidence may be cause for suspicion that the answer was induced by prejudice or by improper influence. But we would not be justified in assuming that prejudice or improper influence was responsible for the jury's answers convicting defendant in error of contributory negligence when there is in the record substantial evidence supporting those answers and no evidence that prejudice or improper influence entered into or caused them. The following cases, in the first two of which applications for writ of error were refused, support our conclusion: McCormick v. Southwestern Bell Telephone Co., 36 S. W. (2d) 1082; Teston v. Root, 95 S. W. (2d) 524; Bendelin v. Thompson, 33 S. W. (2d) 220; Osterloh v. San Antonio Public Service Co., 77 S. W. (2d) 290; Harrison v. Missouri-Kansas & T. R. Co. of Texas, 89 S. W. (2d) 455; Duff v. Roeser & Pendleton, Inc., 96 S. W. (2d) 682; Greaber v. Coco-Cola Bottling Works of Dallas, Texas, 98 S. W. (2d) 1028; Robertson v. Humble Oil & Refining Co., 116 S. W. (2d) 820.

■ Defendant in error's brief in the Court of Civil Appeals presents three assignments of error. The first complains of the action of the trial court in overruling a motion to suppress a deposition on account of irregularity in the manner of taking it. The trial court did not err in overruling that motion, as the qualification to the bill of exception shows that the deposition had been on file among the papers in the cause for more than a day before the cause was called for trial and that the motion to suppress had not been filed prior to the time parties plaintiff and defendant announced ready for trial and no notice of its filing, or that it would be presented, had been given to the other party or his attorney. Article 3765 Revised Civil Statutes of 1925; Houston & Texas Central R. R. Co. v. Burke, 55 Texas 323, 341; Leon & H. Blum v. Jones, 86 Texas 492, 25 S. W. 694.

■ No error is presented by the second assignment of error in defendant in error's brief. It relates to the admission of a deposition over the objection that the witness was in attendance under subpoena. The record not showing an abuse of discretion on the part of the trial judge in permitting the deposition

to be read instead of requiring the witness to be placed on the stand, his action is not subject to review. Holt v. Guerguin, 106 Texas 185, 189-190, 163 S. W. 10, 50 L. R. A. N. S. 1136.

The Court of Civil Appeals, by its finding that the verdict of the jury on the issues with respect to defendant in error's contributory negligence is supported by the evidence and its action in reversing the trial court's judgment solely on account of the conclusion that the jury's answers must have been induced by improper influence, overruled the third assignment of error in defendant in error's brief, which presents the contention that the evidence is insufficient to support the jury's answers to said issue.

The judgment of the Court of Civil Appeals is reversed and the judgment of the district court is affirmed.

Opinion adopted by the Supreme Court February 8, 1939.