**DEDEAR et al. v. JAMES.**

No. 9367.

Court of Civil Appeals of Texas. Austin.

June 9, 1943.

Rehearing denied June 23, 1943.

E. M. Grimes, of Taylor, for appellants.

Strasburger, Price, Holland, Kelton & Miller, of Dallas, for appellee.

McCLENDON, Chief Justice.

Suit for personal injury and property damage arising from a collision on the public highway between a car (automobile) and a delivery truck. The suit was brought by Albert Dedear (owner of the car) for himself and as next friend for his 19-year old son, Leonard (driver of the car), against James, owner of the delivery truck. The trial was to a jury and the judgment, upon a special issue verdict, was in favor of James. The Dedears have appealed.

The points upon which the appeal is rested question the sufficiency of the evidence, both as a matter of law and factually, to support certain jury findings, and assert a general disregard by the jury "of the preponderance of the evidence." For our purposes, only a brief account of the collision is required.

It happened in the early afternoon of August 26, 1941 (a clear, hot day), on paved State Highway 71, at the little village of Plum, between Smithville and LaGrange. Leonard and two companions had left Round Rock about noon and were on their way to Galveston on a pleasure trip. The course of the highway at that point was a little south of east. Whether Plum was incorporated is not disclosed. There were only a few buildings there, which included a small refreshment stand or store at which beer, soft drinks, and sandwiches were sold, and a filling station. The former was on the north side of and a short distance back from the highway. It was reached by a two-way driveway. The filling station was on the south side of the highway some 60 feet east of the store. Some 800 feet west of the store the highway (going east) passed over the brow of a hill, and thence was down grade to a little distance east of the filling station, thence east it was up grade. From the brow of the hill to some distance beyond the filling station, the highway was straight and the view on either side unobstructed. James was engaged in manufacturing and delivering

"Fritos" to the retail trade. Hooper, his driver of the truck, had just delivered "Fritos" to the drink stand and was driving across the highway to the filling station when the truck was struck from the rear just as it was leaving the south side of the paved portion of the highway. Leonard was severely, but (according to his own physician) not permanently injured. There were several eyewitnesses to the occurrence, and their testimony (as is usual in such cases) varied widely in a number of essentials. Three facts seem to be conclusively established: (1) that Leonard had the right of way over Hooper, in that when the latter reached the north side of the highway, Leonard was traveling westerly on his right; (2) that Leonard had an unusually loud horn on the car which he used freely, but whether he began to sound it at a sufficient distance from the truck to enable Hooper to avoid the collision was a disputed fact issue; and (3) that the car was traveling at from 45 to 55 miles an hour,—not over 60 the jury found. It was James's theory (supported by evidence) that Hooper stopped the truck before entering the highway, and looked in both directions before proceeding; that he did not see the approaching car which, presumably, had not then reached the brow of the hill. On the other hand, it was the theory of appellants (likewise supported by evidence) that Hooper did not stop before he entered the highway, but proceeded on the left side of the pavement as though giving the right of way to the car, and then suddenly turned to the right in front of the car at a time when it was too late for the latter to avoid the collision. That Leonard saw the truck before it entered the highway he admitted. The evidence clearly established, we think, that the collision was the proximate result: (1) of the negligence of Hooper; or (2) of the negligence of Leonard; or (3) of the concurring negligence of both Hooper and Leonard. The jury found that the collision was not the result of an unavoidable accident. This finding, we think, was supported by conclusive evidence; in any event by the overwhelming preponderance of the evidence.

Three acts of primary negligence on the part of Hooper were submitted to and found by the jury:

1. That he failed to keep a proper lookout for the car (issue 1).

2. That he failed to yield the right of way to Leonard (issue 4).

3. That he drove the truck onto the highway when the car "was approaching the point where said collision occurred" (issue 7).

Each of these specific acts was found to constitute negligence (issues 2, 5 and 8); and each of these acts of negligence was found not to be "a direct and proximate cause of the collision" (issues 3, 6 and 9).

Three acts of contributory negligence on Leonard's part were found:

1. That he failed to keep a proper lookout (issue 17).

2. That he failed to yield the right of way to the truck (issue 20).

3. That he failed to apply his brakes in time to avoid the collision (issue 29).

Each of these specific acts or omissions was found to constitute negligence (issues 18, 21 and 30); but each was found not to be "a direct and proximate cause of the collision" (issues 19, 22 and 31).

The jury also found with reference to further alleged acts of negligence on Leonard's part: That he failed to turn to the "left" in order to avoid the collision (issue 23), but that this was not negligence (issue 24); that he was not driving the car "in a way and manner that would endanger the truck" (issue 26); that he was not driving at an excessive speed (issue 32); that the collision did not occur "when the truck was already across the paved portion of the highway" (issue 35); and that driving the car in the village of Plum in excess of 30 miles an hour was not "a direct and proximate cause of the collision" (issue 15).

On the measure of damages the jury found that Leonard had not sustained any compensable injuries (issue 10); that Albert Dedear had sustained damage of $440 for medical and hospital expense (issue 13) and $300 to his car.

Appellants urge four points: (1) that judgment should have been rendered for Albert Dedear notwithstanding the answer to at least one of issues 3, 6 and 9 (this point we overrule); (2) that the answer to at least one of issues 3, 6 and 9 was contrary to the overwhelming weight and preponderance of the evidence; (3) that the answers to issue 10 and at least one of issues 3, 6 and 9 were contrary to the overwhelming weight and preponderance of the evidence; and (4) that the jury disregarded generally the preponderance of the evidence. We sustain points 2 and 4.

Under this holding point 3 is unimportant. It is a duplication of point 2 with the addition of including issue 10, which found that Leonard sustained no compensable injuries. That finding is manifestly erroneous as the evidence conclusively showed that he was severely injured and had to be hospitalized for about four months, during which time his leg was placed in a plaster cast. Since this issue related only to the amount of recoverable compensation and not to that of liability, it may be disregarded. See Southern Pine Lumber Co. v. Andrade, 132 Tex. 372, 124 S.W.2d 334.

We think it clear that the proximate cause of the collision was the negligence either of Hooper or of Leonard or of both, in one or more of the particulars found by the jury. The evidence would not support, we think, a finding of unavoidable accident. But, aside from this, the jury eliminated that issue, and its finding thereon is supported by overwhelming, if not in fact conclusive evidence. The findings of the jury of negligence upon the part of Hooper and Leonard (amply supported by evidence), but that none of these acts of negligence was a proximate cause of the collision, are clearly contrary to the great weight and preponderance of the evidence, if not in fact contrary to the evidence as a matter of law. We find no reasonable hypothesis in the evidence (factually at least) to ascribe a proximate cause of the collision outside of the several acts of negligence and contributory negligence found by the jury. We therefore feel it our duty to exercise the jurisdiction conferred upon this court to set aside the verdict and judgment upon points 2 and 4, in the interest of justice.

The trial court's judgment is reversed and the cause remanded.

Reversed and remanded.