## LYONS v. COPE.

### No. 4557.

Court of Civil Appeals of Texas. El Paso.
April 14, 1948.

Rehearing Denied May 12, 1948.

Leo Jaffe, of El Paso, for appellant.

Jones, Hardie, Grambling & Howell, of El Paso, for appellee.

PRICE, Chief Justice.

This is an appeal from the judgment of a District Court of El Paso County, 41st Judicial District. C. W. Lyons, plaintiff, sued Clemons E. Cope, defendant, to recover damages to his person and automobile resulting from a collision between Cope's truck and Lyons' automobile. The

trial was before the court with a jury, submission on special issues. Judgment was rendered on the verdict in favor of defendant Cope, and plaintiff Lyons has perfected this appeal.

There is no question raised as to the pleadings, and it is deemed sufficient to state that same were sufficient to raise the issues of negligence submitted by the Court on behalf of appellant and the issues of contributory negligence plead by appellee. The verdict found against appellant as to all grounds of negligence submitted, and in favor of appellee as to his specially pleaded defenses of contributory negligence. As disclosed by the evidence the accident happened in substantially the following manner: Appellee, driving his truck east on Alameda Avenue in the city of El Paso, ran into and collided with the rear of appellant's car, causing injuries to appellant, his car, and the contents thereof. The truck and automobile a short time prior to the collision were each proceeding east along Alameda Avenue. A short time before the accident appellant passed appellee's truck; appellant for some reason brought his car to a stop and appellee's truck collided with the rear end of appellant's car. According to his testimony he stopped to avoid running into persons who had alighted from a street car going east.

The Court submitted on behalf of appellant the issue of proper lookout, proper control by appellee of his truck; as to whether appellee's failure to stop his truck before striking appellant's car was negligence. Supporting issues of proximate cause as to each of the foregoing were submitted. On behalf of appellee several issues as to his specially pleaded defenses of contributory negligence were submitted. All issues were answered in favor of appellee. The judgment rendered finds support in the verdict failing to find appellee guilty of negligence, also in the findings on the issues of convicting appellant of contributory negligence, likewise in the finding that appellant suffered no damage.

Appellant urges nine points of error; all but points 8 and 9 complain of misconduct of the jury. Eight is that the evidence is insufficient to support the verdict, and 9 that the verdict is against the overwhelming preponderance of the evidence.

In disposing of points 8 and 9 we shall not attempt to summarize the evidence. There is a conflict, but there is ample evidence to support the verdict save on the issue as to damages.

Appellant's theory, supported by his own testimony, was that it was necessary for him to stop his car to avoid colliding with pedestrians who had just alighted from a streetcar and were proceeding to the sidewalk; that he brought his car to a gradual stop. Appellee's theory, supported by his testimony, was that he was proceeding eastwardly along the street at a very moderate rate of speed when appellant's car passed him and came to a sudden stop in the pathway of his truck and he could not avoid ramming into same.

The verdict on the issues submitting appellant's damage is totally without support in the evidence and against the overwhelming preponderance of the evidence.

After the hearing of the motion for a new trial the trial court made up and filed findings of fact and conclusions of law on demand of appellant, and made additional findings and conclusions on the motion of appellant. Appellant in no way attacks same, but relies thereon as establishing misconduct of such a nature as to entitle him to a reversal of the judgment.

■ The amended motion for new trial charges the jury was guilty of misconduct in that it did not answer each issue in accordance with the evidence in the record or as some of the jurors found the facts, but answered the questions in such a way that they thought it necessary in order to bring about a judgment for defendant and against the plaintiff; further in that it did not consider and determine from the evidence solely the answers that should be made to questions submitted separately, but also took into account and considered the effect that the answer to one special issue would have on answers to be made to the other special issues; was guilty of misconduct in that the jurors did not consider an answer to the issues separately as they found the facts, but considered an

answer to all questions except the first one with reference to their relation to and effect upon answers to questions already made; was guilty of misconduct in that after answering special issue No. 1 against the plaintiff it did not answer the succeeding issues as all the jurors found the facts, but answered such issues in such a way as not to conflict with the result that their answers to question No. 1 would effect; was guilty of misconduct in that answering special issues submitted it discussed, considered and was influenced by the statements of some of the jurors that since defendant was probably financially irresponsible and unable to pay for the damage suffered by plaintiff there was no practical reason for letting him recover damages.

As we construe the motion there is no charge therein as to an overt act of misconduct as to issues 2 to 7 inclusive.

Points of error 2 and 3 are as follows:

"2. The trial court's findings that some of the jurors in their deliberation and discussion concerning the answers to be made to the questions following Question No. 1, stated that Question No. 1 was the key question and that all subsequent questions should be answered against plaintiff and for defendant in order to be consistent with the answer to Question No. 1, which was against the plaintiff, established misconduct of the jury.

"3. The findings of the trial court that in answering the questions after No. 1 some of the jurors considered and attempted to answer such questions with reference to their relations to and effect on Question No. 1 and on recovery that should result, established misconduct of the jury."

A careful perusal of the Court's findings discloses that the trial court did not literally or in substance make the finding as asserted in Appellant's point 2. The Court's finding of fact No. 2 is as follows:

"I find that on the first ballot the jury was divided three for the affirmative and nine for the negative, and thereafter reached the unanimous verdict in the negative; that after Question No. 1 was answered by the jury one or more jurors discussed the fact that issue No. 1 was the key issue and having answered 'No' to such question all other questions should be answered so as to be consistent therewith and to avoid conflicts therewith. In connection with this discussion one or more jurors expressed the opinion that having answered Question No. 1 in the negative all questions as to defendant's negligence should be answered in the negative in order to be consistent and to avoid conflicts.

"I further find that when Question No. 8 was reached some of the jurors expressed the opinion that a negative answer having been given to Question No. 1 an affirmative answer should be given to Question No. 8 and the following questions on contributory negligence."

On motion of appellant the Court made additional findings of fact and conclusions of law. Nos. 2 and 3 thereof are as follows:

"2. After special issue No. 1 had been answered some of the jurors, in considering and answering the rest of the special issues considered and attempted to answer such questions with reference to their relation to and effect on the questions previously answered.

"3. After Special Issue No. 1 had been answered some of the jurors in arriving at their answer to subsequent questions took into account and considered the effect that such answers would have on answers previously made and on the recovery that plaintiff should have and that said jurors understood that by answering questions concerning defendant's primary negligence in the *negative* and defendant's contributory negligence in the *affirmative*, plaintiff would not be permitted to recover."

Neither appellee nor appellant attack the findings of the trial Court. Issues No. 17, 18, 19 and 20 related to the measure of damages.

These issues find appellant suffered no damage. If the judgment rendered found support alone in these issues beyond question a new trial should have been granted.

The judgment finds support in the answers refusing to convict the appellee of negligence and finding the appellant guilty of contributory negligence. Neither of

such findings as to lack of negligence on the part of appellee and appellant's contributory negligence supports the judgment.

It is not urged that the answers to issues 17, 18, 19 and 20 evidenced such bias or prejudice that the judgment should be reversed. The case of Southern Pine Lumber Co. v. Andrade, 132 Tex. 372, 124 S. W.2d 334, is deemed to have some bearing on such a complaint. However, regardless of how such issues had been answered under the findings of the jury on other issues, the judgment must have been for the defendant. Further, regardless of what the answers might have been as to issues submitting contributory negligence, a judgment for defendant was the only one, based on the verdict.

Lacking was the finding of a breach of legal duty owed by appellee to appellant.

█ Special issue No. 1 was as to proper lookout. The jury refused to find appellee guilty of negligence in this respect, as shown by the Court's findings of fact; after so answering such question one or more jurors stated that such question was a key issue, having answered no, all questions should be answered as to be consistent therewith, that one of the jurors expressed the opinion having answered "No" to No. 1 that the other issues submitting appellant's case should be answered in the negative to be consistent and avoid conflicts. As a conclusion of law the court found that the facts alleged by plaintiff as constituting misconduct amounted to no more than faulty or illogical reasoning by the jury, noting in the findings the case of Blaugrund v. Gish, Tex.Civ.App., 179 S.W.2d 257; Id., 142 Tex. 379, 179 S.W.2d 266.

It cannot be misconduct for jurors to seek to avoid a conflict in their answers. James A. Dick Co. v. Yanez, Tex.Civ. App., 55 S.W.2d 600, Wr.Ref. It is likewise our opinion that jurors are not guilty of misconduct in discussing whether under the evidence there would be a logical conflict in findings.

In this case the evidence discloses that while appellant's car was stopped in the street appellee's truck going in the same direction as appellant's car rammed into the rear of the car. The car at the time of the impact was standing still. Appellant's car had passed appellee's truck a very short time before the accident. There is no evidence that appellee's truck was moving at a high or dangerous rate of speed. Issue No. 3 was as to whether defendant just prior to the accident failed to have his truck under proper control; issue No. 6 as to whether it was negligent for defendant to fail to stop his truck before driving into the rear of appellant's car.

In the opinion of the writer it is very doubtful, considering the entire evidence, that the issue of proper control was raised. Under the evidence at the time appellant passed appellee just prior to the collision, appellee was proceeding very slowly and was so driving at the time of the collision. The only possible constituent of proper control lacking was lack of proper attention which was comprehended in the issue as to proper lookout. Issue No. 6 was as to negligence in failing to stop. Again, unless he was aware of the situation in time to have stopped, he was not guilty of negligence in failing to stop. Attention in the operation of his own vehicle and as to the situation of the car in front of him was the very meat of the issue. It is not contended that the act of appellee was wilful and intentional.

In a sense Question No. 1 was a key issue, as argued by one or more of the jurors. A person driving a motor vehicle following another vehicle going in the same direction, and while doing so keeping such a lookout as a reasonably prudent person would keep under the same or similar circumstances does not ordinarily ram into the rear thereof, especially so if such following vehicle is driven at a moderate rate of speed. The purpose of such a lookout is to avoid a happening such as this or of a similar nature, and the law imposes the duty of lookout to this end. The driver keeping a careful lookout would hardly be operating his car so that he could not avoid harm to one he might reasonably expect to come into the path of his vehicle. One maintaining a reasonably careful lookout for other ve-

hicles would ordinarily have his vehicle under such control that he could guard against colliding with other vehicles proceeding in the same direction which were operated with ordinary care. In any event, such an inference is not beyond the sphere of reasonable deduction. The character of the lookout is at least to an extent governed by ability to control the movement of the vehicle. By the same token one keeping a reasonable lookout does not ordinarily run into the rear of a vehicle stopped in the pathway of his car if he might reasonably avoid doing so.

In our opinion the argument made by some of the jurors that to be consistent with No. 1, Nos. 3 and 6 should be answered in the negative was no more than that logic and reason required such answers. As to the answers to 3 and 6 we do not believe the discussion as found by the trial court invoked any other compulsion than that of logic and reason under the evidence.

The very manner of the happening of this accident renders it probable, if not conclusive, that either the appellee or appellant was guilty of negligence. There was evidence that appellant passed appellee then suddenly stopped his car in front of appellee's truck, and appellee could not avoid the accident. It may be that a finding of negligence on the part of one or the other parties involved in this occurrence was not necessarily compelled, but it was at least a tenable hypothesis under the evidence, but so long as 1, 3 and 6 were answered in the negative the answers to and other issues were immaterial. The verdict reflected no breach of legal duty owing by appellee to appellant.

In our opinion appellant's motion for a new trial charges no overt act of misconduct by the jury with reference to special issues 1 to 6 inclusive.

Ten and 11 thereof are the only ones charging overt acts of misconduct. Furthermore, the only finding that in any way tends to show misconduct affecting issues 2 to 6 is in paragraph 2 of the Court's findings of fact.

The fact that a juror or jurors consider improper matters is not sufficient to justify the granting of a new trial absent proof of affirmative acts of misconduct. Bradley v. Texas & P. R. Co., Tex.Com.App., 1 S.W.2d 861.

Rule 327, Texas Rules of Civil Procedure, relates to the granting of new trials for misconduct of the jury. It specially provides if it reasonably appears from the evidence both on the hearing of the motion and the trial of the case and from the record as a whole that injury probably resulted to the complaining party, a new trial should be granted. This rule has been construed as casting the burden on the party asserting misconduct to establish the same, and establish probable injury resulting therefrom. City of Houston v. Quinones, 142 Tex. 282, 177 S.W.2d 259; Texas & P. Ry. Co. v. Mix, Tex.Civ.App., 193 S.W.2d 542. It is elementary the occurrence of misconduct is a question of fact for the trial court. Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462. The effect of proven misconduct is a question of law for the trial and appellate courts. Testimony of jurors as to effect or noneffect of misconduct on their verdict is irrelevant as to the issue. Barrington v. Duncan, supra.

Absent misconduct, the testimony of jurors as to considering improper matters in arriving at the verdict is irrelevant as to the issue as to whether a new trial should be granted. Akers v. Epperson, 141 Tex. 189, 171 S.W.2d 483, 484, 156 A.L.R. 1028; 41 Tex.Jur. p. 849, par. 10. It is misconduct for jurors to agree to shape the findings so that one or the other party prevails regardless of evidence. Bradshaw v. Abrams, Tex.Com.App., 24 S.W. 372, 373; Simmons v. St. Louis B. & M. Ry. Co., Tex.Com.App., 29 S.W.2d 989; Waggoman v. Ft. Worth Well Machinery & Supply Co., 124 Tex. 325, 76 S.W.2d 1005. Under our construction of the findings there was no evidence of design in answering issues 1 to 6 so as to defeat or allow recovery. As we have before stated, the evidence as to the lookout had bearing on the issues as to proper control, and as to negligence in colliding with the rear of appellant's car. If he was keeping a reasonably careful lookout he would not probably collide with a car proceeding in

the same direction, the operator of which was operating same with reasonable care. As we have before stated, the argument by some of the jurors that No. 1 was the key question, and having answered it in the negative that 3 and 6 should not be answered in the affirmative, was an appeal to the compulsion of logic and reason and evidenced no design to effect an end by the findings regardless of the proper answers under the evidence; no design to answer same solely on the basis of preventing a conflict with No. 1. There is no support in the findings for the complaint that the issues 1 to 6 were not answered singly, no support for an agreement either express or implied that No. 1 having been answered in the negative that 3 and 6 should be answered likewise in the negative. ·

This case is clearly distinguishable from the case of Southwestern Transportation Co. v. Medley, Tex.Civ.App., 71 S.W.2d 916, Wr.Ref. There the issues were voted on as a group, here the issues were not voted on as a group, but were voted upon separately. There there was an agreement that all the issues in question should be answered "No" to avoid a conflict— here the question at most was merely to discuss that a conflict should be avoided.

If the judgment found support alone in the findings of contributory negligence a somewhat more doubtful question would be presented. Here it was stated that a negative answer having been returned to No. 1 that the issues presenting contributory negligence should be found in the affirmative. As has been pointed out, said position was not entirely illogical. Under the surrounding facts of the accident one or the other actors therein was probably guilty of negligence. The finding on the issue of contributory negligence is not necessary to support the judgment. There was no agreement either express or implied to so answer the questions. Southern Pine Lumber Co. v. Andrade, 132 Tex. 372, 124 S.W.2d 334. As has been pointed out, the judgment could not be supported by the findings as to damages. Such findings were made by the jury in total disregard of the evidence and designed to prevent a judgment in favor of appellant.

It is certainly permissible for jurors to freely and fairly discuss the evidence. It is not only permissible, but desirable that the freest discussion be permitted. If it is not improper for a court to charge the jury that a finding that one act or omission was the sole proximate cause of damage conflicts with a finding that another act or omission was a proximate cause, as was done in the case of James A. Dick v. Yanez, supra, it would hardly be improper for a member of the jury to so state to another. If a jury finds one act the sole proximate cause in passing on the issue of whether another act or omission was a proximate cause, certainly there is a logical relationship between the two issues. An affirmative answer to the one logically precludes an affirmative answer to the other. Again, where speed of a motor vehicle is the constituent fact determining whether same was in proper control, if the issues of speed and proper control were each submitted could it be said that it was improper for a jury to state that a finding that the motor vehicle was not operated at an excessive rate of speed would conflict with one that the driver did not have proper control thereof? Most certainly a jury should not suffer an attaint simply because it sought to apply to the extent of its capability, logic and reason ·in answering the issues.

The trial court found as a conclusion of law, considering the entire record consisting of the testimony of the jurors as to alleged misconduct and the evidence introduced upon the trial of the cause, the plaintiff has not established his burden of showing a probable injury from the alleged misconduct of the jurors. In this conclusion we concur.

The judgment of the trial court is in all things affirmed.