James G. BETTS et al., Appellants,

v.

Jerry Lynn BALDWIN, Appellee.

No. 711.

Court of Civil Appeals of Texas,
Corpus Christi.

June 8, 1972.

Balasco & Balasco, Richard S. Garfinkel, Houston, for James G. Betts.

W. Porter Bondies, Houston, for Austin Bridge Co.

Cullen, Carsner, Edwards, Williams & Stevenson, Donald Edwards, Victoria, for appellee.

## OPINION

SHARPE, Justice.

This appeal is from a judgment rendered after jury trial that appellants take nothing from appellee.

Plaintiff-appellant James G. Betts, instituted this suit in the 135th District Court of Victoria County, Texas (Cause No. 18135) against the defendant, Jerry Lynn Baldwin, to recover damages for personal injuries sustained in an automobile collision which occurred on September 20, 1967, at approximately 8:45 a. m. on the Arenosa Bridge on U.S. Highway No. 59 at a point 15 miles northeast of Victoria, Texas. Austin Bridge Company also instituted a suit in the 24th District Court of Victoria County, Texas (Cause No. 18146) against Jerry Lynn Baldwin, to recover damages sustained to its truck which James G. Betts was driving. The two causes were consolidated under No. 18135.

The cause was submitted to the jury on twenty special issues with the following results; the special issue numbers being indicated in parenthesis. The jury refused to find: (1) That Jerry Lynn Baldwin failed to keep a proper lookout; (3) That Jerry Lynn Baldwin was driving at a greater speed than a person using ordinary care would have driven; (5) That Jerry Lynn Baldwin failed to make such application of the brakes as a person using ordinary care would have made. The jury found: (7) That Jerry Lynn Baldwin was following the vehicle ahead (driven by Betts) more closely than a person using ordinary care would have followed under the same or similar circumstances; but refused to find

(8) That such action was a proximate cause of the occurrence in question. The jury further refused to find: (9) That Jerry Lynn Baldwin negligently attempted to overtake and pass the vehicle driven by James G. Betts. The jury found (11) That Jerry Lynn Baldwin was confronted by a sudden emergency; (12) That after such sudden emergency arose, Jerry Lynn Baldwin acted as a person of ordinary prudence would have acted under the same or similar circumstances; (13) That such sudden emergency was not the sole proximate cause of the occurrence in question. The jury refused to find: (14) That James G. Betts failed to keep a proper lookout; (16) That James G. Betts failed to keep his vehicle completely within the right half of the roadway. The jury found (18) That from a preponderance of the evidence, the reasonable expenses for necessary medical and hospital care received by James G. Betts in the past for treatment was $0.00 Dollars; (19) That from a preponderance of the evidence, reasonable compensation for necessary medical and hospital care which James G. Betts would, in reasonable probability, require in the future was $0.00 Dollars; (20) That from a preponderance of the evidence, James G. Betts suffered $0.00 Dollars on general damages for: (a) Past pain and mental anguish; (b) Future pain and mental anguish; (c) Loss of earnings in the past; and (d) Loss of earning capacity in the future. Issues Nos. 2, 4, 6, 10, 15 and 17 were submitted conditioned upon an affirmative finding of each respective immediately preceding issue and were properly left unanswered by the jury.

Analysis of the verdict reflects that the jury failed to find liability in favor of Betts against Baldwin.

The collision in question occurred on the Arenosa Bridge, on U.S. Highway 59 about fifteen miles east of Victoria, Texas. Three vehicles were involved. Baldwin and Betts were travelling in the same direction, generally southward toward Vic-

toria, Texas. The third vehicle, a large truck, was travelling generally northward, toward Edna, Texas. Prior to the collision or collisions, Baldwin had been following the Betts vehicle for a mile or more. Four witnesses testified on the trial of the case. They were James G. Betts, plaintiff-appellant, Jerry Lynn Baldwin, defendant-appellee; Maxie Ward, a Texas Highway Patrolman, who made an investigation of the accident, and Dr. Jerome C. Hohf who treated Betts after the accident. Some conflicts existed between the testimony of Betts and Baldwin concerning the details of the accident. However, it is undisputed that at one time the front end of Baldwin's car collided with the rear end of Betts' vehicle. The testimony of the witnesses concerning the accident will be more fully discussed in connection with appellant Betts' contentions under his points ten, eleven and twelve.

■ We will first consider the appeal of James G. Betts, who asserts thirteen points of error. The first nine points complain of the jury answers to special issues numbers 18, 19, 20, (the damage issues), asserting in substance that the trial court erred in accepting the jury verdict on those issues; in failing to grant a mistrial; that plaintiff was entitled to some money damages for his injuries; and that the evidence is legally and factually insufficient to support the jury findings mentioned. In connection with appellant Betts' first nine points, appellee contends that the failure of the jury to award damages is immaterial because the verdict will not support a judgment for appellant in any event, and that the trial court did not err in accepting the jury verdict on the damage issues and in failing to grant a mistrial based thereon. We agree with appellee. This is not a case wherein liability was found against the defendant and the evidence established that the plaintiff was entitled to a jury award in some amount on the damage issues. See Gallegos v. Clegg, 417 S.W.2d 347 (Tex.Civ.App., Corpus Christi, 1967, wr. ref. n. r. e.) and cases therein cited.

Instead, we are dealing with a case wherein liability was not established against the defendant (which subject is to be more fully hereinafter discussed) and the answers to the damage issues therefore became immaterial. Southern Pine Lumber Co. v. Andrade, 132 Tex. 372, 124 S.W.2d 334 (1939). The first nine points of appellant Betts are overruled.

■ Appellant's points ten, eleven and twelve complain of the jury answer to special issue No. 8, contending in substance that the trial court erred in accepting the verdict on that issue in that appellant was entitled to an affirmative answer as a matter of law, and that the evidence was legally and factually insufficient to support the jury answer which in effect refused to find that Baldwin's action in following the vehicle ahead (Betts' automobile) more closely than a person using ordinary care would have followed under the same or similar circumstances, was a proximate cause of the occurrence in question. In connection with appellant Betts' points ten, eleven and twelve appellee contends that Betts was not entitled to an affirmative answer to special issue No. 8 as a matter of law and that the evidence was legally and factually sufficient to support the jury answer to that issue which refused to find Baldwin's conduct was a proximate cause. We also agree with appellee's contentions on this phase of the case.

The material testimony of Jerry Lynn Baldwin was in substance as follows: On the morning of September 20, 1967 he left Houston, Texas, in his automobile at about 5 o'clock a. m. to go to Victoria, Texas. He stopped at Edna, Texas, for a cup of coffee. The weather was bad and it was raining hard. The headlights of his car were turned on. About one mile before reaching the bridge where the accident later occurred, he saw a pickup truck in front of him. The pickup was driving slowly and Baldwin cut the speed of his car to about fifty miles per hour. As the vehicles entered the bridge Baldwin saw a truck

with its lights on at the other end of the bridge travelling in the opposite direction. At that time Baldwin said he was about three car lengths behind the pickup truck driven by Betts. Baldwin testified that the truck approaching from the opposite direction "was hugging the middle of the bridge likewise as the pickup." Baldwin said he noticed a possible collision was in the making and he honked his horn and hit his brakes. Baldwin also said "The pickup and the truck collided, front fender, or portion of the front of each vehicle on the driver's side." Baldwin's car then hit the pickup driven by Betts and thereafter collided with the back wheel of the oncoming tandem trailer. After the accident he was taken in an ambulance, along with Betts, to the hospital at Ganado. Baldwin said that he and Betts were both at the scene of the accident when the officer arrived.

The material testimony of James G. Betts was in substance as follows: On September 20, 1967 he was job superintendent for Austin Bridge Company. He was driving a company pickup truck toward the town of Inez. He intended to get some gasoline, go to Edna and then to Dallas to get out of the way of Hurricane Beulah which was apparently then approaching the area. He was headed toward Victoria when the accident happened. He was driving about 25–30 miles per hour because it was dark and raining hard. Betts testified "I felt something hit me from the rear. It knocked me over against the door of the truck and I went out. I don't remember anything until I woke up in the ambulance. The first time I woke up." Betts said he remembered a fellow trying to get his boot off and "I went back out". The next time he woke up was in the hospital, where he remained for three days. Betts said that while he was in the hospital Baldwin talked to him and in part said:

"A . . . He said, 'I was driving down the road doing about eighty-five and I throwed on my brakes and I did everything to stop. I even pulled my

hand brake on. But I hit you in the rear and knocked you into this truck, and that is the way it happened.' He said, 'Your truck was cross ways in the road and my car was over here.' And he told me exactly what I hit. It was a truck with a concrete beam on it. And that's my first knowledge of knowing what I had hit.

Q   Did he say anything else?

A   That's about the extent of it that I can recall."

It should be noted that Baldwin denied making the statements attributed to him by Betts.

Maxie Ward testified in substance that he was a State Highway Patrolman who was at the time of trial stationed in Bryan, Texas. In September 1967 he was stationed at Edna, Texas. He was notified of the accident in question on September 20, 1967 at about 9 o'clock a. m. He proceeded to the scene of the accident and made an investigation. He found, among other things, the three vehicles which had been involved in the collision or collisions. Ward testified generally about what he observed at the scene of the accident and to some extent about his conversations with Betts and Baldwin at the hospital at Ganado, Texas. There were some conflicts between the testimony given by Ward, Betts and Baldwin. Ward made some preliminary notes at the scene of the accident and made out the main accident report seven days later. The investigation made by Ward was undisputedly carried out under adverse weather conditions. Some portions of his testimony could be construed favorably to Betts and others to Baldwin.

The jury was entitled to accept Baldwin's version of how the accident happened. In particular, the jury was entitled to believe that before any collision between the vehicles driven by Betts and Baldwin that the Betts vehicle had collided with the truck travelling in the opposite direction; that the conduct of Baldwin was not the

proximate cause of the injuries and damages to Betts but, on the other hand, were due to the first collision hereinabove mentioned. We therefore hold that the evidence did not establish as a matter of law that Baldwin's conduct (in following Betts' vehicle more closely than a person using ordinary care would have followed under the same or similar circumstances) was a proximate cause of the occurrence in question. The evidence relating to the answer of the jury to special issue No. 8 (refusal to find proximate cause) is not legally or factually insufficient to support the verdict in such respect. Appellants' points ten, eleven and twelve are overruled.

Betts' thirteenth point of error asserts that the trial court erred in accepting the verdict of the jury and in failing to grant a mistrial and in entering judgment for defendant (Baldwin) in that, on its face, the verdict of the jury, taken as a whole, would show that it was the result of the jury's prejudice, bias and vindictiveness, and was calculated to deny plaintiff (Betts) any recovery, rather than its being based on a preponderance of the evidence. The point is multifarious and we are not required to consider it. However, it appears that Betts' thirteenth point in any event is largely a summary of contentions made under other points which other contentions we have held to be without merit. Further, there is no evidence to support the contention that the verdict was a result of jury prejudice, bias and vindictiveness calculated to deny a recovery to plaintiff, rather than being based on a preponderance of the evidence. The verdict was well within the functions entrusted to the jury as the fact-finder in this case. Betts' thirteenth point is overruled.

We now pass to a discussion of the appeal of Austin Bridge Company. That appellant's cause of action against Baldwin was based upon damages to its pickup truck which was being driven by Betts at the time of the accident. Austin Bridge Company asserts five points of error. We overrule the first three of these points because they involve substantially the same contentions concerning the jury answer to special issue No. 8 as are made by appellant Betts in his points ten, eleven and twelve, which we have held to be without merit.

The fourth point of error asserted by Austin Bridge Company reads as follows:

"The trial court erred in rendering judgment for defendant, and in not rendering judgment for plaintiffs or alternatively in not granting a mistrial or new trial, because sudden emergency was submitted to and answered by the jury below as a separate defense instead of being considered by the jury under instructions of the court as an explanation or excuse for defendant's too close following found by the jury, and the jury in answering that sudden emergency was not the sole cause where obviously mindful of their answer to Special Issue No. 7 and this in all reasonable probability caused their legal opinion rendered in answer to Issue No. 8, or at least was calculated to and did influence the same, or confuse them in answering the same."

The instant case was tried on April 5, 6 and 7, 1971 prior to the decision of our Supreme Court in Yarborough v. Berner, 467 S.W.2d 188 (Tex.Sup.1971). We have heretofore mentioned the sudden emergency issues and the jury answers thereto in the case now before this Court, submitted in special issues eleven through thirteen. Austin Bridge Company or James Betts did not object in any way to the submission of issues eleven through thirteen and did not request any instructions or definitions in such connection. The contention of Austin Bridge Company in connection with the emergency issues apparently narrows to the argument that the jury answer to special issue No. 8 was influenced by or was the result of confusion caused by submission of the emergency issues. We do not agree. There is nothing in the record to support the con-

**304**

tention made by Austin Bridge Company that the answer to special issue No. 8 was the result of confusion or was influenced by the answers to the emergency issues. The submission of issues eleven through thirteen at most present harmless error. Austin Bridge Company's fourth point is overruled.

The fifth point of error asserted by Austin Bridge Company reads as follows:

"The trial court erred in rendering judgment for defendant and not in favor of plaintiff Austin Bridge Company in the sum of $1,000.00 and costs, said plaintiff having sued for $2,500.00 including damages to its truck and loss of the use thereof and of the services of the plaintiff Betts its foreman, and having entered into a stipulation approved by the trial court to the effect that if the plaintiff Betts is entitled to judgment, the plaintiff Austin Bridge Company shall receive judgment for $1,000.00 'so that the necessity of submitting issues thereon would be removed'."

At the beginning of the trial and out of the presence of the jury it was stipulated between counsel for Austin Bridge Company and counsel for Baldwin "that if plaintiff, Betts, receives a judgment in his favor Austin Bridge Company will receive judgment for one thousand dollars agreed to be the property damage to its truck." The judgment in substance recited that stipulation along with a recitation reading "—so that the necessity of submitting issues thereon would be removed . . .". Austin Bridge Company now argues that the take-nothing judgment against it should be reversed and judgment here rendered in its favor for $1,000.00. We do not agree. In the absence of a judgment in favor of Betts, appellant Austin Bridge Company, in view of the stipulation, was not entitled to judgment against Baldwin. The fifth point of Austin Bridge Company is overruled.

The judgment of the trial court is affirmed.