**Cynthia TEMPLE, Appellant,**

v.

**ZIMMER U.S.A., INC., Et Al.,
Appellees.**

**No. C14–83–735CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 13, 1984.

J. Dahr Jamail, Janet Evans, Jamail, Kolius & Mithoff, Houston, for appellant.

William H. Payne, Roger Townsend, Fulbright & Jaworski, H. Ronald Welsh, Vinson & Elkins, Houston, for appellees.

Before JUNELL, MURPHY and SEARS, JJ.

JUNELL, Justice.

Cynthia Temple instituted this suit against Zimmer U.S.A., Inc., and Methodist

Hospital to recover damages for her personal injuries sustained when an intramedullary rod placed in her thigh bone thirteen years earlier had fractured. The trial court entered a take nothing judgment upon the jury findings that the rod was not defective and that appellant had sustained no damages as a result of its breaking. Moreover, the jury found that appellant had misused the rod by walking on it before her leg had healed. Appellant has perfected her appeal and submits four points of error for our consideration.

In December of 1967, appellant was admitted to Methodist Hospital for treatment of injuries she sustained in a motorcycle accident. Her injuries included a compound fracture of her left femur. Dr. Henry Wilde placed a stainless steel intramedullary rod down the narrow cavity of appellant's thigh bone to hold the bone in place while it healed. This particular rod was manufactured by appellee Zimmer. It was sold to Methodist Hospital and was accompanied by a package insert containing the manufacturer's warning and instructions for use.

In January of 1980, it was discovered that the intramedullary rod, still in appellant's leg, had fractured. The upper portion of the device was removed in surgery at Methodist Hospital. Because the threaded portion of the rod which facilitates removal was removed with the top of the rod, the lower portion could not be taken out. The lower portion of the rod was still in appellant's leg at the time of trial.

In her first point of error appellant contends the trial court erred in excluding the testimony of Dr. Donald Baxter that the rod was defective because it was proper rebuttal testimony and such action probably caused the rendition of an improper judgment.

Appellee Zimmer, during pre-trial discovery, had directed interrogatories to appellant requesting the identity of any experts she expected to call at trial. Appellant answered that the expert witnesses had not been determined at the time of the interrogatories. Appellant went to trial without having notified appellee of her intention to call Dr. Baxter as her expert witness. At the time of trial Rule 168 of the Texas Rules of Civil Procedure, provided as follows:

Rule 168. Interrogatories to Parties

7. DUTY TO SUPPLEMENT

a)(3) if the party expects to call an expert witness whose name and the subject matter of such witness' testimony has not been previously disclosed in response to an appropriate interrogatory, such answer must be amended to include the name, address, and telephone number of the witness and the substance of the testimony concerning which the witness is expected to testify, as soon as is practical, but in no event less than fourteen (14) days prior to the beginning of trial except on leave of court. If such amendment is not timely made, the testimony of the witness shall not be admitted in evidence unless the trial court finds that good cause sufficient to require its admission exists; ....

We find that it was within the sound discretion of the trial court to exclude the testimony of Dr. Baxter where the appellant failed to comply with discovery rule 168 Tex.R.Civ.P. The trial court permitted Dr. Baxter to testify, subject to the qualification that his testimony be limited to a rebuttal. Appellant agreed to this restriction. It is our opinion, after a careful reading of the record, that the excluded testimony of Dr. Baxter went beyond the scope of proper rebuttal testimony and was properly excluded by the trial court. Appellant's first point of error is overruled.

Appellant argues in her second point that the trial court erred in refusing to submit the following plaintiff's requested special issues:

Do you find from a preponderance of the evidence that at the time Zimmer sold the rod in question, adequate instructions for its safe use were not provided?

Answer "It was not adequate" or

"It was adequate".

Answer: _____

If you have answered Special Issue No. _____ "It was not adequate", and only in that event, then answer Special Issue No. _____.

SPECIAL ISSUE NO. _____

Did the failure of Zimmer to give an adequate instruction render the rod unreasonably dangerous?

By the term "unreasonably dangerous" as used in this issue, it is meant that the Zimmer Rod was dangerous to an extent beyond that which would be contemplated by the ordinary user of the rod with the ordinary knowledge common to the community of such users as to the rod's characteristics.

Answer: "Yes" or "No"

Answer: _____

■ Appellant contends Dr. Cameron's testimony was sufficient for the jury to find that Zimmer's failure to instruct the physician to remove the rod rendered the product unreasonably dangerous for use. We hold that there is no evidence that the manufacturer's instructions were inadequate or that the product was unreasonably dangerous.

The evidence establishes that the intramedullary rod's function is to help a patient's fracture to heal. The testimony indicates that once the rod performs its function, it then becomes a medical question whether and when to remove the device and the package inserts would not necessarily be read or followed by orthopedic surgeons using the rods.

Under the circumstances of this case, it is clear that appellee had every right to expect that the physicians using its product would be thoroughly familiar with the intramedullary rod and the various potential dangers associated with its misuse. The package insert does not purport to inform the physicians about the current state of medical knowledge or treatment of appellant's injury. A fair reading of the package insert shows that its only purpose is to apprise the physicians of the potential harm to the patient if the device is misused. That warning was adequate.

■ Also, Appellant has failed to request the issue of producing cause with respect to her inadequate instruction theory. Having failed to request submission of a necessary element of her cause of action, the trial court is not required to submit appellant's other issues to the jury; therefore, there is no error in the court's refusal to submit the special requested issues. *Powell v. Lenox Jenkins Interiors*, 540 S.W.2d 772 (Tex.Civ.App.—Texarkana 1976, writ ref'd n.r.e.). Appellant's second point of error is overruled.

Because of our disposition of appellant's point of error number one, we need not address point of error number three, by which appellant again complains of the trial court's exclusion of certain testimony of Dr. Baxter.

■ In its fourth point of error, appellant complains that the jury's answer to special issue number 10, the damage issue, is so against the great weight and preponderance of the evidence as to be manifestly unjust. Dr. Baxter's excluded testimony is not to be considered on this point of error. The jury found in answer to Special Issue No. 10 that appellant had suffered no damages resulting from the occurrence in question. The jury found that appellant had misused the intramedullary rod and that such misuse was the proximate cause of the occurrence in question. In answer to other issues, the jury failed to make any findings that would place liability on Zimmer. In the absence of such jury findings the answer to the damage issue is immaterial. *Southern Pine Lumber Co. v. Andrade*, 132 Tex. 372, 124 S.W.2d 334 (1939). Appellant's fourth point of error is overruled. The judgment of the trial court is affirmed.