Elva ZUNIGA, Appellant,

v.

Antonio SALAZAR, Appellee.

No. 13–03–190–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

Feb. 26, 2004.

**126**

Harold Kenneth Tummel, Lydia Casso Tummel, Tummel & Casso, McAllen, for Appellant.

Michele N. Gonzales, Skaggs & Garza, L.L.P., John B. Skaggs, Skaggs & Gonzales, McAllen, for Appellee.

Before Chief Justice VALDEZ and Justices YAÑEZ and CASTILLO.

## OPINION

Opinion by Chief Justice VALDEZ.

This is an appeal of a take-nothing verdict rendered against appellant, Elva Zuniga. Appellant sustained injuries in an apartment fire and brought suit against appellee, Antonio Salazar, pursuant to sections 92.259–92.260 of the property code,[1] alleging that appellee, her landlord, did not install a working smoke detector in her apartment at the time of her initial occupancy. Appellee asserted that he did install a smoke detector with a working battery. The jury answered three liability questions in favor of appellee and found appellant suffered zero damages. The trial court denied appellant's motion for a new trial and granted appellee's motion for entry of judgment. This appeal ensued.

In her sole issue, appellant contends the jury's verdict was tainted with passion or prejudice requiring reversal of the judgment and entitling her to a new trial. Notably, appellant does not challenge the jury's liability findings. Rather, appellant contends the passion or prejudice is shown by the award of zero damages despite uncontradicted evidence of severe injuries and medical expenses.

■ The issue of damages becomes immaterial when the jury finds no liability. *Southern Pine Lumber Co. v. Andrade*, 132 Tex. 372, 124 S.W.2d 334, 335 (1939); *Hancock v. City of San Antonio*, 800 S.W.2d 881, 887 (Tex.App.-San Antonio 1990, writ denied); *Temple v. Zimmer*, 678 S.W.2d 723, 725 (Tex.App.-Houston [14th Dist.] 1984, no writ). Where a jury has answered issues concerning liability in the negative and the negative finding is supported by the evidence, the failure of the jury to award damages is not error. *Andrade*, 124 S.W.2d at 335; *Neese v. Dietz*, 845 S.W.2d 311, 315 (Tex.App.-Houston [1st Dist.] 1992, writ denied); *Johnson v. Whitehurst*, 652 S.W.2d 441, 449 (Tex. App.-Houston [1st Dist.] 1983, writ ref'd n.r.e.). In such a case, even if the jury awarded damages, the trial court would still be required to enter a take-nothing judgment. *Dunn v. Sears Roebuck & Co.*, 371 S.W.2d 731, 736 (Tex.Civ.App.-Houston 1963, writ ref'd n.r.e.).

■ Here, the jury specifically found that, at the time of appellant's initial occupancy of the apartment, appellee had successfully tested the smoke detector and equipped the smoke detector with an adequate battery. The jury also found appellant's own negligence proximately caused her injuries. Appellant did not challenge these liability findings on appeal, nor did she properly preserve in the trial court the issue of the sufficiency of the evidence in

---

**1.** Tex. Prop.Code Ann. §§ 92.259–92.260 (Vernon Supp.2004).

support of the jury's liability findings.[2] Thus, she waived our review of the sufficiency of the evidence supporting the liability findings. See TEX.R.APP. P. 33.1(a), 38.1(h). Accordingly, the jury's failure to award damages is immaterial and not error. *See Andrade,* 124 S.W.2d at 335; *see also Temple,* 678 S.W.2d at 725 (finding damage issue immaterial without reviewing sufficiency of evidence on liability findings where liability findings were negative and no challenge to liability findings made).

We affirm the judgment of the trial court.

---

**2.** Appellant did not raise the issue in her motion for a new trial.