NUMBER 13-03-190-CV
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
ELVA ZUNIGA,                                                                             Appellant,
v.
ANTONIO SALAZAR,                                                                    Appellee.



On appeal from the 332nd District Court
of Hidalgo County, Texas.




 O P I N I O N

Before Chief Justice Valdez and Justices Yañez and Castillo

Opinion by Chief Justice Valdez

          This is an appeal of a take-nothing verdict rendered against appellant, Elva Zuniga.
Appellant sustained injuries in an apartment fire and brought suit against appellee, Antonio
Salazar, pursuant to sections 92.259-92.260 of the property code,


 alleging that appellee,
her landlord, did not install a working smoke detector in her apartment at the time of her
initial occupancy. Appellee asserted that he did install a smoke detector with a working
battery. The jury answered three liability questions in favor of appellee and found appellant
suffered zero damages. The trial court denied appellant’s motion for a new trial and
granted appellee’s motion for entry of judgment. This appeal ensued.
          In her sole issue, appellant contends the jury’s verdict was tainted with passion or
prejudice requiring reversal of the judgment and entitling her to a new trial. Notably,
appellant does not challenge the jury’s liability findings. Rather, appellant contends the
passion or prejudice is shown by the award of zero damages despite uncontradicted
evidence of severe injuries and medical expenses.  
          The issue of damages becomes immaterial when the jury finds no liability. Southern
Pine Lumber Co. v. Andrade, 132 Tex. 372, 124 S.W.2d 334, 335 (1939); Hancock v. City
of San Antonio, 800 S.W.2d 881, 887 (Tex. App.–San Antonio 1990, writ denied); Temple
v. Zimmer, 678 S.W.2d 723, 725 (Tex. App.–Houston [14th Dist.] 1984, no writ). Where
a jury has answered issues concerning liability in the negative and the negative finding is
supported by the evidence, the failure of the jury to award damages is not error. Andrade,
124 S.W.2d at 335; Neese v. Dietz, 845 S.W.2d 311, 315 (Tex. App.–Houston [1st Dist.]
1992, writ denied); Johnson v. Whitehurst, 652 S.W.2d 441, 449 (Tex. App.– Houston [1st
Dist.] 1983, writ ref’d n.r.e.). In such a case, even if the jury awarded damages, the trial
court would still be required to enter a take-nothing judgment. Dunn v. Sears Roebuck &
Co., 371 S.W.2d 731, 736 (Tex. Civ. App.–Houston 1963, writ ref’d n.r.e.). 
          Here, the jury specifically found that, at the time of appellant’s initial occupancy of
the apartment, appellee had successfully tested the smoke detector and equipped the
smoke detector with an adequate battery. The jury also found appellant’s own negligence
proximately caused her injuries. Appellant did not challenge these liability findings on
appeal, nor did she properly preserve in the trial court the issue of the sufficiency of the
evidence in support of the jury’s liability findings.


 Thus, she waived our review of the
sufficiency of the evidence supporting the liability findings. See Tex. R. App. P. 33.1(a),
38.1(h). Accordingly, the jury’s failure to award damages is immaterial and not error. See
Andrade, 124 S.W.2d at 335; see also Temple, 678 S.W.2d at 725 (finding damage issue
immaterial without reviewing sufficiency of evidence on liability findings where liability
findings were negative and no challenge to liability findings made). 
          We affirm the judgment of the trial court.                      
                                                                                                                   
                                                                        Rogelio Valdez,
                                                                        Chief Justice
 
 
Opinion delivered and filed
this 26th day of February, 2004.