Oliver C. MOWAT, Jr., et al., Appellants,

v.

Michael F. STIMSON, Appellee.

No. 17346.

Court of Civil Appeals of Texas.

Dallas.

Dec. 19, 1969.

stances and (8) failed timely to apply his brakes immediately before the collision. The jury gave negative answers to each of the above issues. The jury did find from a preponderance of the evidence that (5) Stimson failed to turn his car to the left, but it made a negative answer (6) as to whether said failure was negligence.

Special issues on contributory negligence were also submitted inquiring whether from a preponderance of the evidence the jury found appellant-plaintiff Mowat (12) failed to keep a proper lookout, and (14) drove his vehicle into the intersection when the vehicle driven by Stimson was approaching so closely as to constitute an immediate hazard. The above issues were answered in the affirmative. The jury further found that said failure and said act by Mowat were proximate causes of the collision.

The jury answered all of the damage issues "None".

The court rendered judgment that appellants take nothing.

Michael R. Cooper, Harrison, Curtis & Cooper, Dallas, for appellants.

John L. Lancaster, III, Jackson, Walker, Winstead, Cantwell & Miller, Dallas, for appellee.

DIXON, Chief Justice.

Appellant Oliver C. Mowat, Jr. and his wife and Mowat as next friend of his two minor children filed this suit for damages for personal injuries arising out of a collision between an automobile driven by Mowat and an automobile driven by appellee Michael F. Stimson.

The case was tried to a jury. Special issues were submitted inquiring whether the jury found from a preponderance of the evidence that appellee-defendant Stimson (1) failed to keep a proper lookout, (3) was driving his vehicle at a greater rate of speed than a prudent person would have driven under the same or similar circum-

FACTS

The collision occurred at or near the intersection of Sunland Street and Northwest Highway. Sunland is a street 30 feet wide running in a general direction of north and south. It ends at Northwest Highway. The latter thoroughfare is a six lane highway running at this point in a general direction of east and west, with a median strip four feet wide in the center. Traffic moves east on the south three lanes and west on the north three lanes.

Appellant Mowat testified that about six o'clock on the evening of January 13, 1966 he was driving north on Sunland Street with his wife and two of his children in his car. He slowed down as he crossed a service road running parallel to Northwest Highway and came to a stop two or three feet beyond a stop sign located at the intersection. It was his intention to turn right in order to proceed east on Northwest Highway to the next intersection a block away, where he intended to

turn left and to proceed north across North-west Highway. His destination was a discount store called Fed Mart located on the north side of Northwest Highway.

Mowat says traffic was heavy and he remained stationary a long time. He saw a large truck moving east and approaching the intersection in the center lane. He decided to wait for the truck to pass. He then looked away for a short time and was checking traffic "back down the road." He did not see appellee's car until it was skidding toward him. The two automobiles collided side by side. The left side of appellee Stimson's car crashed into the left side of Mowat's car. By that time Stimson's car had skidded around until it was headed in the opposite direction from the Mowat car. According to Mowat the Stimson car had come over into the outside or southernmost lane of Northwest Highway. He says he had not moved his own car after coming to a stop about two or three feet beyond the stop sign. His wife also testified that he had not moved.

Stimson's version of the accident differs materially from that of Mowat and his wife. Stinson says that he was operating his car at a speed of about 45 miles per hour on the inside lane next to the median strip some distance in front of the huge truck on the center lane. He was in the inside lane because he too intended to turn left at the next intersection in order to cross Northwest Highway to the Fed Mart. Suddenly Mowat's car appeared. Stimson first saw Mowat's car three or four lengths ahead of him starting into his lane. He saw the fender of the Mowat car coming into his lane. In an effort to avoid the collision he stepped hard on his brakes and turned sharply to his right. His car spun around meeting Mowat's car side by side. The impact occurred between the inside lane and middle lane. However since he made an abrupt turn to the right it was possible the impact occurred in some other lane. After the collision the Mowat car was in the outside lane on Northwest Highway completely blocking the lane.

Paul Wilkins, a traffic officer with the Dallas Police Department, testified that he determined the point of impact from the debris on the street and the skidmarks. The impact occurred five feet into Northwest Highway and twenty-five feet from the west curb of Sunland. The Mowat vehicle was entirely blocking the lane of traffic.

J. T. Mitchell, who was not acquainted with either Mowat or Stimson, was an eye-witness to the accident. Mitchell was following Stimson's car in the inside lane going east on Northwest Highway. Stimson was driving east on the lane next to the median strip. His headlights were on. The impact occurred on the outside lane, but Mowat's car was totally and completely in the lane. Mitchell did not see Mowat's car prior to the time Stimson's car started skidding.

## OPINION

In their first four points of error appellants assert that the evidence was insufficient to support each of the jury's findings that (1) appellee was keeping a proper lookout, (2) was not driving his vehicle at an excessive rate of speed, (3) his failure to turn his vehicle to the left was not negligence and (4) he made a timely application of his brakes. Appellants also say that each of said findings is so clearly against the great weight and preponderance of the evidence as to be manifestly unjust.

The burden of proof was on appellants as plaintiffs to convince the jury *from a preponderance of the evidence* that appellee as defendant was guilty of the primary negligence inquired about in the issues. Appellee was not required to produce sufficient evidence to prove that he was *not* guilty of the alleged negligence. By their negative answers the jury in effect found that appellants as plaintiffs failed to meet their burden of proving from a preponderance of the evidence that appellee *was* guilty of negligence. Driver v. Worth Construction Co., 154 Tex. 66, 273 S.W.2d 603, 608 (1954); U. S. Letter Carriers Mutual Benefit Ass'n v. Sypulski, 364 S.W.2d 840,

844 (Tex.Civ.App., Fort Worth 1963, no writ); McCormick & Ray, "Texas Law of Evidence", Vol. 1, Sec. 42, p. 36; "Hodges on Special Issue Submission in Texas", Sec. 28, p. 81.

■ But appellants also contend that the above jury findings are so against the great weight and preponderance of the evidence that they are clearly unjust. After reviewing all of the evidence we do not agree with appellants. It is undisputed that appellee was proceeding in an easterly direction in the lane nearest the median strip. He was ahead of the big truck which was traveling east in the middle lane. Appellee testified that immediately upon his seeing the Mowat car he stepped on his brakes and turned sharply to the right in an effort to avoid a collision. The Mowat's car had passed the Sunland intersection into Northwest Highway and was headed toward the lane in which appellee was proceeding. Of course appellee as an interested party but his testimony raised a fact issue and it was within the province of the jury to believe him. Mowat claimed he never moved after stopping his car at the stop sign on Sunland. But the testimony of disinterested witnesses places the impact out into Northwest Highway in such a way as to leave his car completely blocking the outside lane.

In their fifth, sixth and seventh points appellants attack the jury's findings that appellant Mowat as plaintiff was guilty of negligence in that he (5) failed to keep a proper lookout, (6) he drove his vehicle into the intersection so as to constitute an immediate hazard to appellee's vehicle, (7) which was a proximate cause of the collision. Appellants say that the evidence is insufficient to support these findings and that said findings are clearly so against the great weight and preponderance of the evidence as to be manifestly unjust.

■ These findings were in response to appellee's affirmative defensive issues. Therefore the burden was on appellee to support the findings with sufficient evidence. After reviewing all the evidence we are convinced that the findings have sufficient support in the evidence. Mowat as we have said claims he never left the vicinity of the stop sign and never entered into any part of Northwest Highway. But the testimony of appellee and two disinterested witnesses is to the contrary. Appellee's headlights were shining yet appellant Mowat says he did not see appellee's car until he saw it skidding into him. He says that appellee's car hit his car on its north side, but he claims the impact knocked his car north into Northwest Highway. It was within the province of the jury to judge the credibility of the witnesses and to weigh their testimony. As an appellate court we are not authorized to substitute our findings for those of the jury. McCord v. Vilbig Construction Co., 417 S.W.2d 634, 637 (Tex. Civ.App., Dallas 1967, no writ).; Williams v. Berry, 389 S.W.2d 89 (Tex.Civ.App., Dallas 1965, writ ref'd n. r. e.).

We overrule appellants' first seven points.

■ In their eighth point appellants say that the members of the jury were guilty of misconduct in that they completely disregarded the court's instructions as to the damage issues, thus showing that the jury's answers of "None" to said issues were the result of passion and prejudice.

We have concluded that appellants' eighth point must be overruled for these reasons: (1) appellants did not include any affidavit of jury misconduct in their motion for new trial or allege any good cause for their failure to do so. Adkins v. Texas & P. Ry. Co., 233 S.W.2d 956 (Tex.Civ. App., Fort Worth 1950, writ ref'd); Allan v. Materials Transportation Co., 372 S.W. 2d 744, 747 (Tex.Civ.App., Corpus Christi 1963, no writ); (2) they did not present any evidence of jury misconduct at the hearing on the motion for new trial, Allison v. Gulf Liquid Fertilizer Co., 381 S.W. 2d 684 (Tex.Civ.App., Fort Worth 1964, no writ); (3) appellants did not bring forward a statement of facts from the hearing on the motion for new trial, so there is no

way for us to determine that misconduct occurred, Fountain v. Ferguson, 441 S.W.2d 506 (Tex.Sup., 1969); and (4) since the jury found all liability issues favorably to appellee and against appellants a take nothing judgment was required and the jury's answers to the damage issues became immaterial even if erroneous. Martin v. Gurinsky's Estate, 377 S.W.2d 710, 714 (Tex.Civ.App., Austin 1964, writ ref'd n. r. e.); Dunn v. Sears Roebuck & Co., 371 S.W.2d 731 (Tex.Civ.App., Houston 1963, writ ref'd n. r. e.); Dillon v. Moore, 367 S.W.2d 70 (Tex.Civ.App., Dallas 1963, no writ); American Mut. Liability Ins. Co. v. Parker, 144 Tex. 453, 191 S.W.2d 844 (1945); Southern Pine Lumber Co. v. Andrade, 132 Tex. 372, 124 S.W.2d 334 (1939). Appellants' eighth point is overruled.

Finding no reversible error in the record, we affirm the trial court's judgment.

Affirmed.