Donald E. BOWEN, Individually and as next friend of the minor Douglas D. Bowen, Appellant,

v.

M. W. REDLIN, Appellee.

No. 99.

Court of Civil Appeals of Texas.

Corpus Christi.

April 8, 1965.

—◆—

William R. Edwards, of Edwards & De-Anda, Corpus Christi, for appellant.

W. N. Woolsey, of Lewright, Dyer & Redford, Corpus Christi, for appellee.

SHARPE, Justice.

This is an appeal from a take-nothing judgment rendered in favor of M. W. Redlin, appellee, defendant below, against Donald E. Bowen, who, as plaintiff, individually and as next friend for his minor son, Douglas Dale Bowen, sued for damages on account of injuries allegedly suffered when his minor son, then three years of age, was struck by an automobile operated by Redlin on September 5, 1961, in Corpus Christi, Texas.

In answer to ten special issues the jury found, in substance, that Redlin failed to keep a proper lookout on the occasion in question, but that such failure was not a proximate cause of the collision; that Mrs. Bowen, mother of said minor child, failed to prevent him from running unattended into the parking lot at a shopping center where the accident occurred; that such conduct was negligence and a proximate cause of the accident in question; that the event was not the result of an unavoidable accident; in answer to Special Issue 9, that the minor suffered no damages on account of physical and mental pain and suffering due to said accident; and in answer to Special Issue 10 that $1,000.00 would reasonably compensate Donald Bowen, the father, for reasonable and necessary medical, doctor and hospital expenses incurred by him on account of the injuries suffered by his minor son.

On this appeal Bowen asserts four points of error, contending that the trial court erred substantially as follows: (1) In failing to grant a mistrial because of improper and prejudicial remarks allegedly made in the presence of the jurors outside the courtroom during a recess by a claims manager for the liability insurance carrier of Redlin, (2) in refusing a new trial on account of such remarks allegedly made by said claims manager under such conditions, concerning fraudulent and exaggerated claims and demands of plaintiffs for damages on account of personal injuries, (3) in refusing a new trial because the amount of damages fixed was not supported by evidence, was too small and shows bias and prejudice on the part of the jury, and (4) in refusing a new trial because the jury finding on the issue of damages was so against the overwhelming weight and preponderance of the evidence as to be manifestly unjust, demonstrating bias and prejudice on the part of the jury.

The alleged misconduct relied upon by appellant is common to his first two points and they will be considered together. The evidence offered to sustain Bowen's position under said points was, in substance, as follows: During the afternoon recess on the first day of the trial, while Bowen was still offering his evidence, the local claims manager of the liability insurance carrier for Redlin made certain remarks to a Corpus Christi attorney and the court reporter of another court while they were outside the courtroom to the effect that "most of the claims that came up here to court, or at least a lot of them were fraudulent, * * * that they shouldn't be up here, and that many people would file suit for $25,000.00 damages, and the company would offer them $350.00, and they would hold out for $600.00 and when the company wouldn't pay said sum they would go ahead and prosecute their action for $25,000.00". The attorney

to whom said remarks were made testified that the claims manager was talking louder than a normal conversational tone of voice at a time when some of the jurors were not more than eight or nine feet away. The court reporter said that such remarks were made in "just a conversational tone of voice, not excessively loud, knowing how loud some people speak." After the said testimony was heard by the trial judge out of the presence and hearing of the jury, he denied the motion for mistrial and ruled that he could not then ascertain whether any of the jurors had heard the alleged remarks and the only way he could act would be in connection with a motion for new trial. On the hearing of Bowen's motion for new trial none of the jurors were called to testify and no further evidence was offered in connection with the alleged misconduct.

◼ In connection with Bowen's motions for mistrial and for new trial a fact issue was presented as to whether any juror heard the remarks allegedly made by the said insurance claims manager. There was no direct testimony that any juror heard the same and there was a conflict in the testimony of the two above-mentioned witnesses concerning whether such remarks could have been heard by the jurors under the conditions. In the absence of express findings and conclusions by the trial judge there is an implied finding in favor of the judgment overruling the motion for new trial that the said remarks were not heard by the members of the jury, which finding is supported by evidence. The latest expression of the Supreme Court of Texas on the subject now under consideration is found in the case of Brawley v. Bowen, 387 S.W.2d 383 wherein the Court said:

"Where no express findings are filed, it is presumed on appeal that the trial court found all controverted facts in support of its judgment overruling the motion and that no misconduct occurred. Putman v. Lazarus, 156 Tex. 154, 293 S.W.2d 493 (1956); Monkey Grip Rubber Co. v. Walton, 122 Tex. 185, 53 S.W.2d 770 (1932); Milstead v. Aynesworth, 341 S.W.2d 942 (Tex. Civ.App., 1960, writ refused, n. r. e.). If the evidence offered at the hearing on the motion for new trial is conflicting as to whether or not misconduct occurred, the decision of the trial court on the question is binding on appeal. Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462 (1943); Maryland Casualty Co. v. Hearks, 144 Tex. 317, 190 S.W.2d 62 (1945); State v. Wair, 163 Tex. 69, 351 S.W.2d 878 (1961)."

Appellant's points 1 and 2 are overruled.

◼ Since the jury did not make findings which would afford a basis for liability against Redlin and affirmatively found contributory negligence on the part of Mrs. Bowen, proximately causing the event in question, there was no basis for a judgment in favor of Bowen and the answers to special issues 9 and 10, inquiring as to damages, became immaterial. Southern Pine Lumber Co. v. Andrade, 132 Tex. 372, 124 S.W.2d 334 (1939). The contentions made by appellant under his points 3 and 4 under such conditions could not reflect reversible error and they are overruled.

The judgment of the trial court is affirmed.