Billy R. MOORE, d/b/a B & E Construction Company, Appellant,

v.

A. E. COPELAND, Appellee.

No. 674.

Court of Civil Appeals of Texas, Corpus Christi.

Feb. 3, 1972.

Rehearing Denied March 16, 1972.

Trimble & Dobbs, J. B. Trimble, Corpus Christi, for appellant.

John H. Miller, Jr., Burnett & Burnett, William G. Burnett, Sinton, for appellee.

## OPINION

SHARPE, Justice.

This appeal is from a judgment rendered after non-jury trial that appellant, plaintiff below, take nothing against appellee, defendant below. The trial court filed findings of fact and conclusions of law.

Appellant, as lessee, brought suit against appellee, as lessor, for specific performance of a materials mining lease, to enjoin appellee from leasing his land to others for such purpose and from interfering with appellant's operations thereon and for damages occasioned by appellee's alleged breach of the lease and his refusal to agree that appellant's option to renew the lease had been properly exercised by payment or tender of payment.

Appellant asserts 26 points of error. In view of the evidence and the findings of

fact and conclusions of law made by the trial court we will discuss only those contentions which are dispositive of the case.

The "Materials Mining Lease" prepared by appellant's attorney, included, among others, the following provisions:

"I.

This Materials Mining Lease shall be in effect for a period of one (1) year from February 14, 1970, to February 14th, 1971, with Lessee being given the further right and option to renew this Materials Mining Lease for successive periods of one (1) year each extending from February 14th of each succeeding year for a total of ten (10) years.

Lessee, if he desires to exercise his option to renew this Materials Mining Lease for successive periods of one (1) year each as herein provided, shall at the beginning of each lease year make payment to Lessor of the sum of Three Thousand Dollars ($3,000.00) representing advance payment for one (1) year of the guaranteed royalties provided in paragraph III of this Materials Mining Lease.

\* \* \* \* \* \*

III.

Lessee agrees to make payment to Lessor of guaranteed royalties of Three Thousand Dollars ($3,000.00) per year, such guaranteed royalties to be paid in advance at the beginning of each year that this Materials Mining Lease is kept in force and effect. . . . "

Under those provisions appellant had a leasehold estate which terminated automatically unless he paid or tendered to appellee on or before February 14, 1971 the amount of $3,000.00 in money.

Appellant's basic contentions are that he either paid the $3,000.00 required to renew the lease for the period February 14, 1971 to February 14, 1972 or made proper and timely tender of that amount to effect renewal. Appellee says that the evidence supported findings of the trial court show that appellant did not sustain his burden in those respects and that there is no other theory upon which reversible error can be based.

The material facts may be summarized as follows: The lease in question was dated February 14, 1970, was executed by appellant on March 18, 1970 and by appellee on March 19, 1970. On or about March 18, 1970 appellant paid $3,000.00 to appellee representing advance payment of guaranteed royalties under the lease for a period of one year from February 14, 1970 to February 14, 1971. This payment entitled appellant to remove 15,000 cubic yards of material from the leased premises for the said period, but appellant removed only small bags for samples during that time.

On February 10, 1971, appellant mailed to appellee a check dated January 30, 1971 payable to "Mrs. A. E. Copeland" in the amount of $3,000.00 given in payment of advance royalty for the period from February 14, 1971, to February 14, 1972. This check given by appellant to appellee and being payment of royalties for the second year of the lease term was transmitted by appellant to appellee by appellant's letter dated January 29, 1971, addressed to Mr. A. E. Copeland, which reads as follows:

"January 29, 1971

Mr. A. E. Copeland
P. O. Box
Pettus, Texas

Dear Sir:

Please find enclosed advance royalty payment in the amount of $3,000.00 for periods February 14, 1971 thru February 14, 1972.

Sincerely,

/s/ Billy R. Moore
Billy R. Moore, Owner"

The said letter and the check enclosed therein in the amount of $3,000.00 dated January 30, 1971, representing advance royalty payment for the period February 14, 1971 through February 14, 1972, was received by appellee on February 12, 1971.

After he received appellant's above quoted letter and the enclosed $3,000.00 check dated January 30, 1971, appellee held the check until February 26, 1971, on which date he mailed the $3,000.00 check back to appellant and also wrote a letter to appellant which reads as follows:

> "Pettus Texas
> 2-24-1971
>
> Mr. Billy Moore
>
> Dear Sir:
>
> Inclosed please find check you mailed on 2-10-71 made payable to Mrs. Copeland. By mistake or intentional? You have failed to pay me advance royalty as provided in our lease agreement to keep your lease in force for another 12 mo. period.
>
> Respt yours
> /s/ A. E. Copeland"

On February 27, 1971, appellant received appellee's letter of February 24, 1971, along with the enclosed $3,000.00 check which was returned in such letter. Appellant testified by deposition that on February 27, 1971 he inspected the check and for the first time became aware that a mistake had been made in writing the check and that the check appeared to be made payable to Mrs. A. E. Copeland. On the same date appellant prepared another check for $3,000.00 dated February 27, 1971, made payable to A. E. Copeland and given in payment of advance royalties for one year from February 14, 1971 to February 14, 1972 and mailed such check on February 27 to A. E. Copeland by letter which reads as follows:

> "February 27, 1971
>
> Mr. A. E. Copeland
> P. O. Box 195
> Pettus, Texas
>
> Dear Mr. Copeland:
>
> I acknowledge receipt of your letter dated February 24, 1971 and delivered to my office on February 27, 1971 by which you returned my check dated January 30, 1971 for $3,000.00 given in payment of advance royalties for one year extending from February 14, 1971 to February 14, 1972 as provided by the Materials Mining Lease between A. E. Copeland, Lessee, and Billy R. Moore, doing business as B & E Construction Company.
>
> My said check for $3,000.00 dated January 30, 1971 was transmitted to you by our letter dated January 29, 1971, addressed to A. E. Copeland in which we stated, 'Please find enclosed advance royalty payment in the amount of $3,000.00 for periods February 4, 1971 thru February 14, 1972.' Our said check was handwritten and was made payable to yourself and was so intended to be made payable to yourself. If it appears to read Mrs. rather than Mr. A. E. Copeland then such was not intended. As stated, such check was mailed to you and was given in payment of royalty under the lease in which you are the lessor.
>
> We again transmit to you herein our check given in payment of advance royalty for one year from February 14, 1971 to February 14, 1972 and made payable to A. E. Copeland.
>
> Very truly yours,
>
> /s/ Billy R. Moore
> Billy R. Moore, Owner"

Appellee received appellant's $3,000.00 check dated February 27, 1971, made payable to A. E. Copeland and on March 5, 1971, appellee returned and transmitted

such check to appellant by letter which reads as follows:

"3–5–71

B and E Construction Co.

Mr. B. R. Moore

Dear Sir:

Inclosed please find your check for $3,000.00 dated 2–27–71

Respt

/s/ A. E. Copeland"

After appellee returned to him the $3,000.00 check dated February 27, 1971, appellant on March 11, 1971, filed Cause No. 12,652, styled Billy R. Moore, d/b/a B & E Construction Company v. A. E. Copeland, in the 36th District Court of Bee County, Texas, asking that the said Materials Mining Lease be specifically enforced and tendered into the registry of the court the $3,000.00 as advance royalty payment under the said lease.

Concerning the land covered by the lease between appellant and appellee, the court found that it was acquired before appellee's marriage to his present wife, to whom he was married in 1959. Mr. Copeland testified that his present wife does not own and has never owned any interest in this property. In the negotiations with appellant concerning the lease of his land, Mr. Copeland, appellee, testified that appellant had never had any negotiations or dealings with Mrs. A. E. Copeland. She did not participate in any of the negotiations and conversations with appellant. She did not dictate any of the terms of the lease and in connection with the negotiations for the lease didn't enter into the picture at all.

It thus appears that appellant did not pay or tender to appellee money in the amount of $3,000.00 prior to February 14, 1971. Appellant then was entitled to recover only if the check dated January 30, 1971 constituted payment or tender of pay-

ment by appellant to appellee of the $3,000.00 required to exercise appellant's option to renew the lease for the period February 14, 1971 to February 14, 1972. The trial court found that appellant did not so pay or tender that payment to appellee. This Court is bound by the findings of the trial court unless appellant demonstrates that payment or tender of payment was conclusively established or was in some way excused.

The check dated January 30, 1971, standing alone does not constitute payment or tender of payment. In order to carry his burden in such connection a further showing was required that (1) appellant had sufficient funds to his credit in the bank to pay the check or that the check when presented in the usual course of business would be paid by the bank on which it was drawn, Cornelius v. Cook, 213 S.W. 2d 767 (Tex.Civ.App., Eastland, 1948, n. w. h.); and, additionally, (2) that appellee agreed to accept a check as payment or tender, or that appellee waived his right to demand payment or tender in cash, or that appellee was estopped from demanding payment or tender in cash, or that payment or tender in cash was otherwise excused.

The record does not conclusively establish any of the facts just mentioned. The findings of the trial court which it was authorized to make under the evidence, and some of which are unchallenged, along with undisputed evidence and the lack of evidence essential to appellant's recovery, require us to sustain the holdings of the trial court to the effect that appellant did not carry his burden to establish that he either paid or properly tendered payment of the consideration required by the lease to renew it for an additional year. We agree that the lack of such payment or tender was not excused on any of the theories relied on by appellant.

One of appellant's arguments that payment or tender was made is based upon the contention that appellee had a right to indorse appellant's check dated January 30,

1971, under Vernon's Texas Codes Annotated, Business and Commerce, Uniform Commercial Code, Sec. 3.203, which provides the following:

> "Where an instrument is made payable to a person under a misspelled name or one other than his own he may indorse in that name or his own or both; but signature in both names may be required by a person paying or giving value for the instrument."

The statute above quoted, repealed Article 5934, Section 43, a part of the Texas Negotiable Instruments Act, which provided as follows:

> "Sec. 43. Where the name of a payee or indorsee is wrongly designated or misspelled, he may indorse the instrument as therein described, adding, if he thinks fit, his proper signature."

Section 3.203 is permissive in nature. The true payee *may* indorse a check in the manner set out therein, but there is no duty on his part to do so. Appellant's argument also does not take into account the distinction between indorsement and negotiation. Appellant, in any event, did not carry his burden to establish that his check of January 30, 1971, would have been paid to appellee if appellee had attempted to negotiate it. See Cornelius v. Cook, supra.

■ Another of appellant's contentions is that appellee did not raise any objection to payment or tender of payment by appellant's check of January 30, 1971. Appellant here relies on the rule stated in Baucum v. Great American Insurance Company of New York, 370 S.W.2d 863 (Tex.Sup.1963), to the effect that when a tender is refused on other grounds one will not be heard later to complain of the medium of payment. In this case the trial court found that appellant failed to establish by a preponderance of the evidence that appellee's refusal to accept the writing of January 30, 1971 was on grounds other than medium of payment. We must uphold this finding. Appellee's letter of February

24, 1971 was subject to the construction adopted by the trial court, and, particularly, contained a statement that appellant "had failed to pay me advance royalty as provided in our lease agreement . . .". Appellee maintained his silence, which would not constitute a waiver of a valid tender, and he was not required to accept or reject until a tender had been made. See *Baucum*, supra.

■ Appellant also asserts error because the trial court denied his motion to permit additional evidence. The case was tried and judgment rendered on July 7, 1971. Findings of fact and conclusions of law were filed sixteen days later, and three days thereafter appellant's motion to permit additional evidence was filed. The motion was addressed to the sound discretion of the trial court and no abuse of it is shown here. See Rule 270, Texas Rules of Civil Procedure; Red Top Taxi Company v. Snow, 452 S.W.2d 772, 776 (Tex. Civ.App., Corpus Christi, 1970, n. w. h.); Southern Underwriters v. Hodges, 141 S.W. 2d 707, 712 (Tex.Civ.App., Waco, 1940, wr. ref.).

■ Appellant also contends that the trial court erred in refusing to award him damages because of appellee's breach of the lease. Appellant's theory on this phase of the case was that he had to make arrangements to secure needed materials, principally rock, at additional cost, in order to carry out his contracts with the Texas Highway Department and other parties. The contention is without merit. Appellant failed to establish liability against appellee and hence there was no basis for a judgment for damages against appellee; the issue thus became immaterial. Southern Pine Lumber Co. v. Andrade, 132 Tex. 372, 124 S.W.2d 334 (1939); Bowen v. Redlin, 389 S.W.2d 539, 541 (Tex.Civ.App., Corpus Christi, 1965, n. w. h.). Appellant's evidence as to damages in any event presented only questions which were within the power of the trial court to resolve, and

such questions were decided against appellant.

All of appellant's points have been considered and they are overruled.

The judgment of the trial court is affirmed.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

As a part of appellant's motion for rehearing he has requested that we make three additional findings of fact in substance as follows: (1) That the $3,000.00 paid on or about March 18, 1970, by appellant to appellee representing advance payment of royalties under the lease for a period of one year from February 14, 1970, to February 14, 1971, was paid by check; (2) that appellee expected to receive another check from appellant given in advance payment of royalties under the lease for a period of one year from February 14, 1971, to February 14, 1972; and (3) that appellee knew when he received appellant's check on February 12, 1971, that this was the advance royalty check which he had been expecting to receive from appellant in advance payment of royalties for a period of one year from February 14, 1971, to February 14, 1972.

In City of Beaumont v. Graham, 441 S.W.2d 829 (Tex.Sup.1969), our Supreme Court discusses the duty of the Courts of Civil Appeals under Rules 453 and 455, T.R.C.P. Among other things, the Supreme Court held that Rule 453 does not require a Court of Civil Appeals to make evidentiary findings or that its opinion repeat all of the evidence or all of the trial court findings which appear elsewhere in the record; and that Courts of Civil Appeals have no jurisdiction to make original findings of fact in cases on appeal; they can only "unfind" facts.

The findings requested by appellant are evidentiary in nature and involve original findings which we have no jurisdiction to make. Under these circumstances appellant's requests for findings of fact are denied.

We find no merit in the matters raised in appellant's motion for rehearing and we adhere to our original disposition of the case.