M. L. LUCAS et ux., Ruth Lucas,
Appellants,

v.

Robert Clifton BURROWS, Appellee.

No. 7479.

Court of Civil Appeals of Texas,
Beaumont.

Aug. 23, 1973.

Rehearing Denied Sept. 13, 1973.

Wm. Drew Perkins, Lufkin, for appellants.

Ralph Zeleskey, Lufkin, for appellee.

DIES, Chief Justice.

This is a suit for personal injuries resulting from an automobile collision. Plaintiff below, Ruth Lucas (et vir, M. L. Lucas), sued Robert Clifton Burrows, defendant below, alleging various acts of negligence.

Trial was to a jury which failed to find that defendant was driving at a greater rate of speed than a person using ordinary care would have driven, was keeping an improper lookout, or failed to make proper application of his brakes. The jury answered "none" to the damage issue (Special Issue No. 15) inquiring of physical pain, mental anguish and loss of earnings, past and future. A take nothing judgment was entered by the trial court from which plaintiffs bring this appeal.

Plaintiffs' first six points of error contend that these findings are against the great weight and preponderance of the evidence and that the evidence, as a matter of law, shows that defendant was driving at excessive speed, was keeping an improper lookout, and failed to properly apply his brakes.

[1,2] On the great weight and preponderance points, we consider the entire record. A fact issue becomes established as a matter of law only when the evidence is undisputed and reasonable minds can arrive at but one conclusion. See cases cited in 40 Tex.Jur.2d Negligence § 160 at 700–701 (1962).

We herewith summarize the evidence. Mrs. Lucas testified that she was driving from Huntington to Lufkin on a four lane highway, driving in the outside lane. Near where Highway 69 intersects Parker Drive, she moved left to the inside lane, turned her signal light on, and came to a complete stop intending to turn left on to Parker, when she was struck from the rear by defendant. Defendant was driving in the same direction and when plaintiff first saw him, he was going around a truck which was also in the left lane. From her rearview mirror, she judged defendant's speed to be "over seventy." (The accident occurred in a 70 m. p. h. speed zone.) Her testimony and that of her physician is not here summarized for reasons later set forth in this opinion.

Defendant Burrows, age 18, testified that he "come up behind, it was a big bob-tailed truck and Mrs. Lucas had—she had passed. She had gotten well, it has been several seconds. Well, I moved over and there was another car behind me and it pulled up in my position. Well, then I seen her stop lights come on and she give a signal and I didn't have any place to go and I applied my brakes as hard as I could but I didn't have room to stop." Defendant was in the outside lane following the truck before moving to the inside lane. His speed, according to his testimony, was "[a]bout fifty miles an hour." When he moved to the inside lane with the intention of passing the truck, he saw Mrs. Lucas' vehicle but no signal. When he saw her brake and turn lights come on, he applied his brakes "as hard as I could" but the collision occurred.

■ These were the only two witnesses who testified as to how the accident occurred. The testimony of each as it relates to speed, lookout and brakes was sharply different. It was the jury's prerogative to make its choice. Their findings are supported by the evidence. Points one through six are overruled.

Plaintiffs' seventh point of error is:

"The trial court erred in not granting a new trial because the answer of the jury to Special Issue No. 15 is so against the great weight and preponderance of the evidence, and is so manifestly unjust and unfair under the evidence in this case, so as to show, as a matter of law, that the jury was motivated and acted upon bias or prejudice or the injection of new or unauthorized matters or evidence during jury deliberations."

The failure of the jury in this case to find defendant guilty of any act of negligence makes its finding of "none" to the damage issue (Special Issue No. 15) immaterial. Grady v. Dallas Railway & Terminal Company, 278 S.W.2d 282, 284 (Tex. Civ.App., Amarillo, 1954, error ref. n. r. e.); Vaughn v. Watkins, 344 S.W.2d 902, 904 (Tex.Civ.App., Eastland, 1961, error ref. n. r. e.); Mid-Tex Development Company v. McJunkin, 369 S.W.2d 788, 796 (Tex.Civ.App., Dallas, 1963, no writ). See also Freeman v. Canterbury, 346 S.W.2d 955 (Tex.Civ.App., Waco, 1961, no writ); Riles v. Reichardt, 366 S.W.2d 655, 659 (Tex.Civ.App., Houston, 1963, no writ); Bowen v. Redlin, 389 S.W.2d 539 (Tex. Civ.App., Corpus Christi, 1965, no writ); and Southern Pine Lumber Co. v. Andrade, 132 Tex. 372, 124 S.W.2d 334, 335 (1939). This point is overruled.

Plaintiffs' eighth and last point of error is:

"The trial court erred in failing to permit Plaintiffs to introduce in evidence the testimony of Judge H. N. Russell concerning the paying of the fine of a traffic violation by Defendant in this cause."

By bill of exception, Justice of the Peace H. N. Russell identified Volume 11, page 209 of his Justice Criminal Docket. It showed a complaint filed against the defendant alleging he "[f]ailed to control speed." This sheet showed " 'Fine', $21.00, . . . Paid." The justice of the peace was asked and replied as follows:

"Do you or do you not accept a fine from anyone unless they plead guilty?"

"Well, it would not be customary . . . . Whenever a person comes into my office I ask them—in other words, they give me their name and I pull the complaint and I ask them how they want to plead on it. If they say 'Guilty' well, I assess the fine. If they say 'Not Guilty' well I tell them they have to post a bond."

It was stipulated that defendant had paid the fine in person. The defendant testified that he had pleaded not guilty. After receiving a letter in the mail, "I went down there—I just went down there and paid it."

A plea of guilty and conviction based thereon is admissible under circumstances where the same act is involved in both criminal and civil proceedings. Mooneyhan v. Benedict, 284 S.W.2d 741, 742 (Tex.Civ.App., Austin, 1955, error ref. n. r. e.).

Plaintiffs cite the case of Carrick v. Hedrick, 351 S.W.2d 659 (Tex.Civ.App., Amarillo, 1961, no writ). In that case, however, a police officer testified that the appellant appeared in court and that he heard him enter a plea of guilty.

The theory under which a plea of guilty is admissible is an admission against interest. Atkinson v. Rister, 422 S.W.2d 821, 824 (Tex.Civ.App., Eastland, 1967, error ref. n. r. e.). However, for such a plea of guilty to be admissible in a subsequent civil suit, the plea of guilty must be validly entered. Plains Transport, Inc. v. Isaacs, 361 S.W.2d 919, 925 [Tex. Civ.App., Amarillo, 1962, error ref. n. r. e. 367 S.W.2d 152 (Tex.1963)]. In Barrios v. Davis, 415 S.W.2d 714, 716 (Tex.Civ. App., Houston, 1967, no writ), the defendant was issued a ticket for negligent collision. He did not appear in person but had his wife go down to the corporation court and pay the fine for him. The court excluded this evidence as being insufficient to constitute a plea of guilty.

In the case before us, while it is undisputed that defendant paid the fine personally, there is no docket entry of any plea whatsoever and the justice of the peace did not recall the incident at all. The defendant testified that he pleaded not guilty. Under these circumstances, we hold that a plea of guilty was not shown and we overrule this point of error.

The judgment of the trial court is affirmed.