**W. O. HAIR, Appellant,**

v.

**PENNSYLVANIA LIFE INSURANCE CO. et al., Appellees.**

No. 7760.

Court of Civil Appeals of Texas, Beaumont.

Dec. 31, 1975.

Rehearing Denied Jan. 22, 1976.

Richard R. Burroughs, Cleveland, for appellant.

Richard L. Josephson, James H. Lehmann, Jr., Mike D. Gibbs, Dallas, Richard Morrison, Liberty, Michael G. Terry, Houston, for appellees.

DIES, Chief Justice.

W. O. Hair, plaintiff below, sued Pennsylvania Life Insurance Company, The Combined American Insurance Company, J. C. Penney Life Insurance Company, National Life and Accident Insurance Company, and Prudential Insurance Company of America, alleging a cause of action by virtue of Article 21.23 of the Insurance Code, for the death of his son, Rufus Hair, the insured, under the policies issued by the insurance companies above listed. The companies urged a motion for summary judgment, which was granted by the trial court and from which the father seeks this review.

In reviewing a summary judgment we are guided by the rules laid down by our Supreme Court in *Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex.1970).

Rufus Hair, the insured, was shot to death by his wife Jonell, the designated beneficiary under the policies. Tex.Ins. Code Ann. art. 21.23 (1963) provides:

"The interest of a beneficiary in a life insurance policy or contract heretofore or hereafter issued shall be forfeited when the beneficiary is the principal or an accomplice in willfully bringing about the death of the insured. When such is the case, the nearest relative of the insured shall receive said insurance."

In a criminal proceeding the District Court had previously determined that Jonell was insane at the time of the killing. This finding was admitted in the proceeding we review, and appellees argue this prevents Jonell from "willfully bringing about" the death of her husband.

The following statement by our Supreme Court clearly makes this prior finding of insanity not dispositive.

"A prior adjudication of an issue in a criminal matter is not res judicata or estoppel by judgment to a subsequent civil action involving the same fact issue." *State v. Benavidez*, 365 S.W.2d 638, 640 (Tex.1963).

See also, *Shook v. Peters*, 59 Tex. 393 (1883); *Landa v. Obert*, 78 Tex. 33, 14 S.W. 297 (1890); *Pittman v. Stephens*, 153 S.W.2d 314 (Tex.Civ.App., Eastland 1941, writ ref'd w. o. m.).

■ The finding made by the trial court in the criminal proceedings did not establish as a matter of law in the present case that Jonell Hair was not the principal or an accomplice in willfully bringing about the death of the insured.

■ Appellees urge there is yet another ground on which the court's summary judgment may stand. Tex.Ins.Code Ann. art. 3.48 (1963) provides:

"Whenever any person shall procure the issuance of a policy of insurance on his or her life in any legal reserve life insurance company, and designate in writing filed with the company the bene-ficiary to receive the proceeds thereof, the company issuing such policy shall, in the absence of the receipt by it of notice of an adverse claim to the proceeds of the policy from one having a bona fide legal claim to such proceeds or a part thereof, pay such proceeds becoming due on the death of the insured to the person so designated as beneficiary, and such payment so made, in the absence of such notice received by the insurance company prior to the date of the payment of the proceeds, shall discharge the company from all liability under the policy."

To sustain this summary judgment on this ground it was incumbent on appellees to prove as a matter of law they had no notice of the father's claim (plaintiff below) before they paid Jonell's guardian. See *Oscar Murphy v. Lower Neches Valley Authority*, 529 S.W.2d 816 (Tex.Civ.App., Beaumont, October 30, 1975) (not yet reported); see also *Swilley v. Hughes*, 488 S.W.2d 64 (Tex.1972). This they failed to do.

In oral argument appellees admitted they had knowledge of the killing and waited a year before paying Jonell's guardian until Judge Cain ruled on Jonell's sanity. Presumably, they knew from this that art. 21.-23 of the Code (above quoted) might become a factor in determining who would be entitled to the proceeds of the policies. Unfortunately for them they relied on the criminal case finding of her insanity rather than depositing the money in court by way of interpleader.

The affidavit of W. O. Hair in opposition to the summary judgment states, "Shortly after the death of my son, Rufus Hair, on March 23, 1973, I was interviewed by the representative of three (3) of the insurance companies who have been served in the lawsuit pending under cause No. 26,745. I informed each and every one of the representatives that I intended to contest the matter and that I was the next of kin of the deceased."

The trial judge's dismissal of the criminal action—after motion by the District Attorney—was "for the following reason, to-wit: Due to the findings of Dr. J. A. Hunter, M. D., Director M.S.U., Rusk State Hospital, that Jonell Hair was not capable of willfully taking the life of her husband because of the fact that said Jonell Hair was insane at the time the offense with which she is charged was alleged to have been committed," etc.

What Dr. Hunter concluded was "[b]ecause of a memory loss for events surrounding the alleged offense, it is my opinion that Mrs. Hair is unable to adequately communicate with her attorney at the present time in the preparation of a rational defense and is therefore incompetent to stand trial. It is my opinion further that Mrs. Hair is in need of continued hospitalization and treatment at the present time."

The affidavit of Grace Kuruc, claim approver for Prudential made in Passaic County, New Jersey, that "[a]t no time from July, 1973 to June 19, 1974 [when Prudential paid Jonell's guardian] did Prudential Insurance Company of America receive notice of the possible adverse claim to said proceeds by W. O. Hair." It is not sufficient to establish as a matter of law that Prudential's agents working this claim were all unaware of W. O. Hair's claim. See *Murphy v. L. N. V. A.*, above cited. The same is true of Ruth Citron's affidavit (claim supervisor of Pennsylvania Life in Los Angeles, California). This is likewise the case in the affidavit of George B. Walker, Jr., J. C. Penney Life's Manager Benefit Department.

This summary judgment proof fails to establish as a matter of law that appellee insurance companies had no knowledge of W. O. Hair's claim prior to paying the proceeds of the policies to Jonell's guardian. The order granting the summary judgment is reversed and the cause remanded for trial.

Reversed and remanded.