**Ora Nell ADCOX**

v.

**SAFEWAY STORES, INC.**

**Civ. A. No. CA3–78–1415–F.**

United States District Court,
N. D. Texas,
Dallas Division.

Aug. 11, 1980.

Marvin G. Shwiff and A. D. Emerson, Shwiff, Caraway & Emerson, Dallas, Tex., for plaintiff.

Allen Butler and David Ellis, Clark, West, Butler & Ellis, Dallas, Tex., for defendant.

## ORDER

ROBERT W. PORTER, District Judge.

Came on before the Court the motion of the defendant in the above styled and numbered cause for summary judgment, and the court having considered said motion and determining that it should be construed as a motion for partial summary judgment, makes its ruling as set out below.

This cause of action arises out of an incident wherein the plaintiff was detained in a Safeway store allegedly for shoplifting. Plaintiff is seeking actual and exemplary damages for false imprisonment and malicious prosecution. Defendant asserts that probable cause for the detention has been shown as a matter of law and, therefore, that Defendant is entitled to summary judgment.

■ In Texas, false imprisonment is made out by showing a direct restraint by one person of the physical liberty of another, without adequate legal justification. *Armstead v. Escobedo*, 488 F.2d 509 (5th Cir. 1974); *Kroger v. Demakes*, 566 S.W.2d 653 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ ref'd n. r. e.). Article 1d, Vernon's Ann.Civ.St., which permits a merchant to detain a customer who is reasonably suspected of shoplifting and which may, where applicable, constitute a justification for the merchant's actions, may be raised as a defense to a claim of false imprisonment. *See Gibson Discount Center v. Cruz*, 562 S.W.2d 511 (Tex.Civ.App.—El Paso 1978, writ ref'd n. r. e.). A reading of the statute reveals that the three elements that a defendant must show in order to make out its defense under the statute are: 1) reasonable grounds or probable cause to believe that one has stolen or is stealing property; 2) that the detention was conducted in a reasonable manner; and 3) that the detention was only for a reasonable time.

■ The elements of malicious prosecution are: 1) the commencement of a criminal prosecution against plaintiff; 2) which was caused by defendant or through defendant's aid or cooperation; 3) which terminated in favor of plaintiff; 4) that plaintiff was innocent; 5) that there was not probable cause for such proceedings; 6) that it was done with malice; and 7) that it resulted in damage to the plaintiff. *Thomas v. Cisneros*, 596 S.W.2d 313, 316 (Tex.Civ. App.—Austin 1980, no writ); *Terk v. Deaton*, 555 S.W.2d 154 (Tex.Civ.App.—El Paso 1977, no writ).

■ The lack of probable cause is a requisite to a cause of action either for false imprisonment or malicious prosecution. In an action for malicious prosecution, plaintiff bears the burden of showing the lack of probable cause, and the existence of probable cause is an absolute bar to the maintenance of the action. *Ada Oil Co. v. Dillaberry*, 440 S.W.2d 902 (Tex.Civ.App.—Houston [14th Dist.] 1969, writ dism'd). In an action for false imprisonment, however, the existence of probable cause is only one element that a defendant must prove in its defense; it must also establish that the detention was conducted in a reasonable manner and for a reasonable time.

Defendant asserts that it has shown probable cause in the case at bar as a matter of law. It is a fact that subsequent to the incident at Safeway Plaintiff was arrested and that criminal charges of theft were filed against her in Dallas Municipal Court. After a plea of *nolo contendere* Plaintiff

was found guilty of misdemeanor theft and fined $52.50 and court costs. Thereafter, Plaintiff filed an appeal bond and perfected her appeal to the Dallas County Court of Criminal Appeals. The case was later dismissed on motion of the District Attorney. Defendant contends that the conviction in Municipal Court serves conclusively to establish probable cause. The Plaintiff argues that use of the conviction is precluded by the fact that the County Court of Criminal Appeals could have tried the case *de novo* but instead dismissed the action.

It has been held almost uniformly that an unreversed judgment of conviction is ordinarily a complete bar to an action for malicious prosecution. *See* Annot., 86 A.L.R.2d 1090 (1962) and cases cited therein. The great majority of cases also support the proposition that the conviction of an accused, although subsequently reversed, set aside, or otherwise impeached, conclusively establishes the existence of probable cause, unless the conviction was obtained by fraud, perjury or other corrupt means. *See, e. g., Tarantino v. Griebel*, 9 Wis.2d 37, 100 N.W.2d 350, 86 A.L.R.2d 1084 (1960). In the *Tarantino* case, *id.*, a conviction was held to be conclusive on the issue of probable cause, even though a jury found the defendant not guilty after a trial *de novo*.

The Texas courts seem never to have addressed this issue precisely. In *Knight v. International & G. N. Ry. Co.*, 61 F. 87 (5th Cir. 1894), the Fifth Circuit, however, in applying Texas law, found that a conviction was prima facie evidence of probable cause in a malicious prosecution suit, not withstanding the fact that a new trial had been granted, and was conclusive on the issue of probable cause in the absence of evidence that the conviction was obtained by improper means or upon false evidence.

It seems likely that the Texas courts would follow the great weight of authority and apply this reasoning to suits for both malicious prosecution and false imprisonment. In the case at bar, the fact that Plaintiff pleaded *nolo contendere* is of no significance, in that it must be presumed that Plaintiff made such a plea based on advice of counsel and for legitimate reasons, and the judgment of conviction was duly entered thereon. Further, this is not a case in which a plea of *nolo contendere* is being used as an admission to prove the fact of guilt contrary to Article 27.02(5) of Vernon's Ann.C.C.P. (Supp.1978).

█ In light of the foregoing, I find that Plaintiff's conviction in Municipal Court, in spite of the fact that the County Court of Criminal Appeals dismissed the prosecution, is conclusive on the issue of probable cause, in the absence of any evidence of anything improper in obtaining the conviction. It is therefore

ORDERED that partial summary judgment be and is granted with respect to the issue of probable cause. Plaintiff is thus barred from asserting any claim of malicious prosecution. The cause of action for false imprisonment will be tried on the jury docket of November 3, 1980. The question of probable cause as an element of Defendant's defense is established as a matter of law.