Harold **DEWBERRY**, Appellant,

v.

**BROOKSHIRE BROTHERS**
**#1, Appellee.**

No. 09–84–313–CV.

Court of Appeals of Texas,
Beaumont.

Oct. 31, 1985.

Gary H. Gatlin, Jasper, for appellant.

Steve Roper, Lufkin, for appellee.

## OPINION

BURGESS, Justice.

This is a false imprisonment case involving the admission of a municipal court conviction into evidence.

Harold L. Dewberry was a route salesman for a bakery in Lufkin, Texas. While making a delivery to Brookshire Brothers # 1 store, he was detained by employees of the store and at the request of Brookshire Brothers' employees, arrested by the Lufkin Police for theft of a $.51 carton of chocolate milk. Mr. Dewberry admitted drinking the milk, but claimed he had paid for it by leaving the money on a cash register. A trial was subsequently conducted in Lufkin Municipal Court and after a plea of not guilty, the jury found Mr. Dewberry guilty of the theft. Mr. Dewberry then appealed to the County Court of Angelina County. The charge was later dismissed for noncompliance with the Speedy Trial Act.[1]

At the false imprisonment trial, Mr. Dewberry's attorney filed a motion in limine as to the municipal court conviction. This motion was overruled. He then properly objected to the introduction of the conviction and this objection was overruled. The jury found in favor of Brookshire Brothers. Mr. Dewberry brings forth two points of error, each complaining of the admission of the municipal court conviction.

Brookshire Brothers counter with the arguments that (1) the conviction was admissible, (2) if error, the error is harmless, and (3) by way of crosspoint, the trial court should have granted an instructed verdict.

Various courts have held that absent a proper guilty plea, a conviction in a criminal case is not admissible in a civil case where the same act is involved in both proceedings. *Bowie v. Harris*, 351 S.W.2d 668 (Tex.Civ.App.—Waco 1961, writ ref'd n.r.e.) and cases cited therein. This court has consistently followed this rationale. *See Lucas v. Burrows*, 499 S.W.2d 212 (Tex.Civ.App.—Beaumont 1973, no writ) and *Hair v. Pennsylvania Life Ins. Co.*, 533 S.W.2d 387 (Tex.Civ.App.—Beaumont 1976, writ ref'd n.r.e.). Brookshire Brothers asks us to abandon this prior line of decisions and follow *Adcox v. Safeway Stores, Inc.*, 512 F.Supp. 452 (N.D.Tex. 1980). This U.S. District Court case held that a plea of nolo contendere was conclusive on the issue of probable cause to detain. We find no Texas cases adopting *Adcox, supra*. We also decline to do so. We therefore hold the admission of the municipal court conviction was error.

Brookshire Brothers next argues the error is harmless because Mr. Dewberry was allowed to show that the municipal court conviction had been dismissed by the County Court. We do not find this argument persuasive either. The fact that a prior jury had not believed Mr. Dewberry and had convicted him, having been placed before the jury, could not be mitigated by evidence of the subsequent dismissal. The error was harmful.

Brookshire Brothers' final argument is their motion for instructed verdict should have been granted on the basis of *Adcox, supra*. Having previously rejected the rationale of *Adcox, supra*, the crosspoint is overruled.

---

1. *TEX.CODE CRIM.PROC.ANN. art. 32A.02* (Vernon Pamp.Supp.1985).

Appellant's points of error are sustained. The judgment of the trial court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.

