Douglas AYCOCK, et al., Plaintiffs,

v.

TEXAS COMMERCE BANK,
N.A., Garnishee,

Citizens Bank and Trust Company of
Baytown, Intervenor.

Civ. A. No. H–89–3600.

United States District Court,
S.D. Texas.

April 30, 1991.

John O. Brentin, Houston, Tex., for plaintiffs.

William M. Dickson, Houston, Tex., for defendant Eichelberger.

James W. Girardeau, Baytown, Tex., for defendant Hughes.

Rhett G. Campbell, Houston, Tex., for intervenor.

**18**

## OPINION ON SUMMARY JUDGMENT

HUGHES, District Judge.

### 1. *Introduction.*

Two creditors of P.T. Eichelberger, Jr., M.D., and Louis B. Hughes, M.D., assert conflicting security interests to a deposit account at Texas Commerce Bank. Citizens Bank and Trust Company of Baytown (Citizens) claims a prior security interest in the account as proceeds of stock pledged to Citizens. Aycock and others (Aycock) assert a right of setoff to the Texas Commerce account. Citizens takes priority.

### 2. *Facts.*

In 1983, Eichelberger and Hughes posted a supersedeas bond to enable them to postpone execution while they appealed a state court judgment. Fidelity and Deposit Company of Maryland (Fidelity) issued a bond in favor of the judgment creditors, Houston North Hospital Properties (Properties) and Houston Northwest Medical Center, Inc. (Northwest). To obtain the bond, Eichelberger and Hughes signed a note payable to Citizens for $528,000 and pledged their shares of stock in Northwest to Citizens as security. Eichelberger and Hughes delivered their stock certificates, stock transfer powers, and a written security agreement to Citizens. The note and pledge secured a letter of credit issued by Citizens to Fidelity. The bond was issued after Fidelity received a letter of credit from Citizens.

From April 1983 to January 1985, Northwest declared liquidating dividends to its shareholders, including Eichelberger and Hughes. Northwest deposited these dividends in a separate account at Texas Commerce. Eichelberger and Hughes never cashed the dividend checks issued to them. In January 1986, Northwest stopped payment on the outstanding checks payable to Eichelberger and Hughes. It reduced the balance in the Texas Commerce account to $243,403, the amount owed to Eichelberger and Hughes. Eichelberger and Hughes lost the appeal, and in January 1986, Citizens paid Fidelity $523,920 on Fidelity's draw under the letter of credit. Fidelity proceeded to pay $512,518.05 to Properties and $100,000 to Northwest.

Eichelberger and Hughes paid only interest on the note to Citizens up to the filing of their bankruptcy petitions. Citizens foreclosed on some assets of Eichelberger and Hughes, reducing the balance to $419,177.82. On August 7, 1986, Citizens informed Northwest of the pledge.

Properties obtained another state court judgment in December 1986 against Eichelberger and Hughes. Properties is a partnership of Douglas Aycock and others. Properties attempted to garnish the funds in the Texas Commerce account. Citizens intervened to assert its security interest. The account had purposefully been reduced so that it consisted entirely of liquidating dividends owed by Northwest to Eichelberger and Hughes. Those liquidating dividends were from stock pledged to Citizens by Eichelberger and Hughes before the second judgment.

### 3. *Issues.*

A. Are the liquidating dividends from Northwest proceeds of collateral?

B. Is the security interest of Citizens prior to Aycock's garnishment and setoff?

### 4. *Liquidating Dividends Are Proceeds.*

■ A security interest continues in collateral even though the sale, exchange, or disposition of the collateral changes its character, and it continues in the proceeds. Tex.Bus. & Comm.Code § 9.306(b) (Tex.U.C.C.).

The bankruptcy court found that the liquidating dividends in the Texas Commerce account were directly traceable and identifiable as proceeds of the Northwest stock pledged to Citizens. This is essentially undisputed. At its demise, Northwest's directors held the liquidating dividends in trust. Northwest created a special deposit by not writing checks on the account once the balance equaled the dividends owed to Eichelberger and Hughes. Money, checks, and deposit accounts are proceeds. U.C.C. § 9.306(a); *In re Nivens,* 22 B.R. 287 (Bankr.N.D.Tex.1982); *In re Whitaker,* 18 B.R. 314 (Bankr.D.Kan.1982) (stock split).

Consequently, Citizens obtained a perfected security interest in the liquidating dividends.

### 5. Traceability.

■ A security interest continues in non-cash proceeds or separate deposit accounts containing only proceeds. U.C.C. § 9.306(d)(1). The Texas Commerce account, at the very least, became a special account when the balance was equal to the amount owed to Eichelberger and Hughes. Northwest's corporate records and its action of stopping payment on the dividend checks payable to Eichelberger and Hughes indicate that the funds were held in trust. The deposit account contained only proceeds from the stock pledge, which makes the proceeds identifiable and traceable.

### 6. The Checks Are Not Proceeds.

■ Aycock implies that whether Eichelberger and Hughes cashed their checks is irrelevant and that it is the checks that were the proceeds. On the contrary, because Eichelberger and Hughes never cashed their dividend checks, they never exercised dominion or control over the funds. See Duke v. Sun Oil Co., 320 F.2d 853, 861 (5th Cir.1963) (check is a conditional payment); Moore v. Copeland, 478 S.W.2d 573, 577–78 (Tex.Civ.App.—Corpus Christi 1972), writ ref'd n.r.e., (check standing alone does not constitute payment). Home Ins. Indemnity Co. v. Gutierrez, 409 S.W.2d 450, 456 (Tex.Civ.App.—Corpus Christi 1966), writ ref'd n.r.e. Citizen's security interest in the proceeds continued after the checks were issued because the debtors never received the money.

### 7. Setoff.

■ Aycock asserts that Northwest had a right to apply the dividend debt owed by Northwest against its second judgment against Eichelberger and Hughes. Whether Aycock is asserting setoff or garnishment, priority determines the winner. Aycock's right to set-off arose three years after Citizens' security interest was perfected in the stock. A right to setoff does not impair a security interest properly perfected by possession. *First National Bank of Grand Prairie v. Lone Star Life Insurance Company*, 524 S.W.2d 525, 530 (Tex.Civ.App.—Dallas 1975), *writ ref'd n.r.e.*, 529 S.W.2d 67 (Tex.1975); *First National Bank & Trust Co. of Oklahoma City v. Iowa Beef Processors, Inc.*, 626 F.2d 764, 769–70 (10th Cir.1980).

Citizens qualified as a bona fide purchaser of the stock, and it would take priority over earlier security interests. U.C.C. § 9.309. On the date Citizens received the stock as a pledge, Aycock had all he was entitled to at that time, the bond. No adverse claim existed to the stock. Citizens acquired the stock with stock powers endorsed in blank, without notice of an adverse claim, and for an exchange of fair value. U.C.C. §§ 8.302 and 8.308.

### 8. Interest Follows Principal.

■ Aycock challenges the bank's right to the interest earned on the special account holding the liquidating dividends payable to Eichelberger and Hughes. Aycock does not question the amount claimed. Because the principal was proceeds from the collateral pledged to it, Citizens is entitled to the interest earned on the liquidating dividends deposited in the account to the extent of its security interest. Proceeds of proceeds are burdened with the security interest.

A secured creditor may sell collateral upon a default and apply the proceeds to discharge the security interest. Excess proceeds are returned to the debtor. Similarly, had Citizens taken the stock as collateral when it was selling at one price and paying one dividend, Citizens would be entitled to the appreciation in the stock's value to the extent of its security interest if the corporation raised the dividend rate. U.C.C. §§ 9.207(c), 9.504.

### 9. Procedural Challenge.

The district court has reviewed all the evidence presented and has considered the legal arguments of both parties. Consequently, Aycock's argument that he has not received a fair hearing on the merits

lacks support. Indeed, the issues in this case are entirely legal, since the facts are undisputed. Many of the acts on both sides were done by Aycock as a principal in the partnership and in the liquidation of the corporation.

10. *Conclusion.*

Citizens has a valid security interest in the liquidating dividends on deposit with Texas Commerce with priority over Aycock's claims. The judgment of the bankruptcy court will be affirmed.